-CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
Upon the trial of a warrant against Frank Rankin charging him of being “guilty of disorderly conduct” the judge of the Louisville City Court “ordered that he make his fine to the commonwealth by the payment of one cent, and took his recognizance, with Charles Zahn his surety, in the sum of one thousand dollars, as security that he would” keep the peace and be of good behavior toward all good citizens of this commonwealth for twelve months. Within the next ensuing month Rankin was again arrested and tried in the same court on the double accusation of “drunkenness and disorderly conduct,” and was thereupon adjudged to pay a fine of five dollars, and again recognized to keep the peace; and the court moreover ordered that the former recognizance be forfeited, and that a summons for enforcing it be issued against Rankin and Zahn.
To the summons so awarded defendants answered, questioning the authority of the court to take the recognizance as well as the order of forfeiture, and also pleading in appropriate terms, in effect, that no breach of the obligation had occurred. The court on demurrer held the answer insufficient, and rendered a judgment against Rankin and Zahn for one thousand dollars; and from that judgment they have prosecuted this appeal.
Although the exaction of security to keep the peace may not have been the appropriate punishment for the offense of disorderly conduct, yet as the evidence heard on the examination of that charge is not shown in this record, we must *555 presume that it was such as to disclose to the court grounds for apprehending the commission by Rankin of some offense to prevent which security might be required under section 378 of the Criminal Code of Practice. But it remains to be determined whether the court, without any direct proceeding for a forfeiture of the undertaking of the appellants, was authorized to so adjudge, either as a consequence of its judgment in the second prosecution of Rankin, or upon evidence which may have been incidentally disclosed on the trial of that case; and it is perhaps proper that we should also decide whether in any event as to that question the court did not err in excluding the answer on the demurrer of the commonwealth, and rendering judgment against the defendants without trying any issue they sought to present.
We are of the opinion that if the order of forfeiture can be sustained at all in this case, it is by virtue of the second subdivision of section 387 of the Criminal Code of Practice, which-declares substantially that “a judicial conviction of the defendant of an offense involving d breach of the peace within the period specified in the bond” shall be a breach of the bond. And the city court was not authorized, as a consequence of its last judgment convicting Rankin, to order a forfeiture of his recognizance previously taken, unless that conviction imported with reasonable certainty a breach of the condition to “ keep the peace and be of good behavior toward all good citizens.” It does not appear whether the conviction in the second proceeding against Rankin was for drunkenness merely or for some form of disorderly conduct, or for both offenses, which under particular and distinct ordinances a,re separately punishable in the city of Louisville; but certainly either or both offenses might have been committed without violence or injury to any individual, without which the undertaking of the appellant could not have been broken, as we construe the recognizance. Hence the order of forfeiture, as *556 made without any direct proceeding for that purpose, was unauthorized.
From this view it results also that as the judgment against Rankin, admitted in the answer of himself and Zahn, was at most not conclusive of the alleged breach of the recognizance which the answer controverted, the court erred in sustaining the demurrer of the commonwealth and rendering the judgment appealed from.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the action, but without prejudice to another, if based on a proper forfeiture of the recognizance.