## CALLOWAY v. LAYDON.

1. **Intoxicating Liquors:** DAMAGES: THREATENING LANGUAGE. In an action by the wife for damages against one who has sold intoxicating liquors to her husband, threatening language or vulgar conduct, although directed to the plaintiff, but not resulting in the impairment of her health, do not constitute a ground for the recovery of actual damages.

2. ———: EXEMPLARY DAMAGES: EVIDENCE. Evidence of threatening language or vulgar conduct, not being such as to cause actual injury, is inadmissible as a ground of exemplary damages.

*Appeal from Des Moines District Court.*

THURSDAY, DECEMBER 13.

THE plaintiff avers in her petition that she has been injured in her means of support and in her health, by the intoxication of her husband produced by liquor sold him by the defendant.

The evidence tends to show that she has been injured in her means of support. As to injury to her health or person, the evidence shows that the plaintiff's husband when intoxicated frequently threatened to kill her, but does not show that he ever attacked her or inflicted any physical injury upon her. The court allowed a witness to testify, against the objection

of the defendant, that the plaintiff's husband when intoxicated called the plaintiff a prostitute in the presence of her neighbors. On the subject of injury to the plaintiff's person, the court instructed the jury that they might consider any "threatening language or vulgar conduct by the husband towards her personally in contradistinction to his conduct towards and in the presence of others." Judgment for plaintiff. Defendant appeals.

*Hall & Baldwin,* for appellant.

*Poor & Millspaugh, Dodge & Dodge* and *Clark Marble,* for appellee.

ADAMS, J.—It is obvious that physical injury may result indirectly from what affects directly only the mind. In this way threatening language and vulgar conduct by the husband toward the wife might, if long continued, result in the impairment of her health. Evidence of threatening language and vulgar conduct would be admissible in connection with any evidence tending to show that it had the effect to impair the plaintiff's health. In this case there is no evidence so far as the abstract shows that the plaintiff's health was impaired by any word or act of her husband. The instruction given by the court is based upon the idea that the plaintiff may be injured in person within the meaning of the statute without sustaining a physical injury; that an injury to the plaintiff's feelings, merely, is an injury to the person where it results from language or conduct directed to her. The counsel for the appellee go still further and contend that the evidence was admissible not only upon the ground that there may be an injury to the person without physical injury, as the court held, but also upon the ground that mental suffering may be shown as a ground of exemplary damages. We have then the question whether threats and vulgarity directed by the husband to the wife, unaccompanied by physical injury, will entitle her to recover actual damages, and if not, whether they will entitle her to recover exemplary damages.

*[margin note: 1. INTOXICATING liquors: damages: threatening language.]*

In *Mulford v. Clewell*, 21 Ohio St., 196, which arose under a statute similar to ours, the court below, in instructing the jury upon the subject of injury to the plaintiff's person, said: "Mortification and sorrow and loss of her husband's society are not enough. They are misfortunes for which she has no remedy under this law. If she had been attacked by her drunken husband and injured in her person by his violence, she could recover." On appeal, this instruction was approved. A similar statute in Illinois is construed in the same way. *Freeze v. Tripp*, 70 Ill., 503.

In the case at bar the court below attempted to discriminate between the mental suffering experienced by the wife from language and conduct of the husband not directed towards her, and the suffering from language and conduct which were directed toward her. The words "in person" are not understood by the court below to mean *in body*. An injury in person is understood to be synonymous with personal injury. Vulgar conduct of the husband in general, however mortifying and painful to her feelings, is thought by the court not to be a personal injury, but becomes so when it is directed to a person.

We are of the opinion that the court misconceived the meaning of the words "in person." We think that they mean *in body*. That was evidently the view of the court in *Mulford v. Clewell*, above cited. The statute gives a right of action to any one who shall be injured in person. To hold that it was designed to give a right of action to every one to whom a threatening or vulgar remark should be addressed by an intoxicated person would in our opinion be putting a construction upon the statute of which it is not properly susceptible. If we are correct, then threatening language or vulgar conduct although directed to the plaintiff, but not resulting in the impairment of her health, does not constitute a ground for the recovery of actual damages, and the court erred in instructing the jury that they might be considered in that connection.

Whether threatening language or vulgar conduct might be considered as a ground for exemplary damages, it is not strictly

necessary to determine. The case must be remanded for error
2. ——:exem- in the instruction, and possibly upon another trial
plary dam- such question might not arise. As counsel for
ages: evi-
dence. plaintiff, however, insist that threatening language,
and vulgar conduct, even where they fall short of constituting
a ground for actual damages, do constitute a ground for exem-
plary damages, it seems probable to us that upon another trial
this question will be raised.

In proceeding to determine it, we may observe, in the first
place, that exemplary damages cannot be recovered in any case
where no actual damages have been sustained. This proposi-
tion we presume no one will attempt to deny. In this case no
actual damages are recoverable except for injury to the plaintiff's
means of support. To such actual damages can there be added
exemplary damages for threatening language and vulgar con-
duct? We think not; there is no connection between the two.
To actual damages for injury sustained by plaintiff in her means
of support there may be added exemplary damages, but they
must be such as are called for by the circumstances under
which the actual damages are sustained. Exemplary damages
are given as punitive; they are given because the defendant
was guilty of malice or wantonness. They are allowed by
statute in an action like the present, because whoever causes
injury by the sale of intoxicating liquor causes it wantonly.
In no such case can the defendant be regarded as wholly with-
out guilt. Exemplary damages when given are given with
reference to the defendant's guilt, and should be in proportion
to it. In adding exemplary damages to the actual damages
sustained by the plaintiff in her means of support, if such were
added, it was proper for the jury to consider the defendant's
guilt in causing such injury. If the defendant sold the plain-
tiff's husband liquor against the plaintiff's protest, that would
be an aggravating circumstance, and would enhance the defend-
ant's guilt. So, if the defendant knew that the plaintiff was
being injured in her means of support and continued to sell
her husband liquor after the knowledge was obtained, such
knowledge would enhance his guilt. Greater exemplary dam-
ages might be given by reason of the guilt thus enhanced.

These propositions rest upon principles that are elementary. Now, the particular point at which we are aiming is that the guilt which constitutes a ground for exemplary damages, and according to the degree of which the exemplary damages should be graduated must be guilt in causing the actual damages which are recoverable. In this case the guilt must be in causing an injury to the plaintiff's means of support. In one sense, it is true, the defendant was guilty if he caused the plaintiff's husband to use threatening language. But, if the threatening language did not cause actual damages, the guilt would not be such as to be a ground for exemplary damages. If it were so, exemplary damages might be given in a case where no actual damages are recoverable. It follows, then, that evidence of threatening language or vulgar conduct, not being such as to cause actual damages, is inadmissible as a ground of exemplary damages. In admitting such evidence we think that the court below erred.

REVERSED.