COMMONWEALTH *v.* MIKE MAHONEY, JR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—314.]

**Action for Forfeiture.**

> Where an accused person gives bond to keep the peace, his conviction thereafter for drunkenness and disorderly conduct is not a breach of the terms of such bond, and where a proceeding is for an alleged breach shown by judicial conviction, unless the record thereof exhibits the breach, there is a failure of proof and the breach can not be shown by alteration of the record by parol evidence.

APPEAL FROM FRANKLIN CIRCUIT COURT.

March 24, 1881.

OPINION BY JUDGE HARGIS:

A conviction of the offense of drunkenness and disorderly conduct does not constitute "a judicial conviction of the defendant of an offense involving a breach of the peace within the period specified in the bond." *Rankin v. Commonwealth,* 9 Bush (Ky.) 553. The proceedings of the police court were the basis of the action for

the forfeiture, and an attempt by allegation to show that the conviction was for a different offense than exhibited by the record would, if tolerated, authorize the commonwealth to contradict the record by parol proof.

Whether there can be other breaches of the bond than those specified in Buckner & Bullitt's Crim. Code (1876), § 391, need not be determined, as this proceeding is for an alleged breach shown by judicial conviction, and unless the record thereof on inspection exhibits the breach, there will be a failure of proof, and the breach can not be shown by alteration or variation of the record by parol evidence relating to the same acts for which the alleged conviction was had.

Wherefore the judgment is *affirmed*.

*P. W. Hardin, for appellant.*

*Major & Jett, for appellees.*

[Cited, *Cornett v. Commonwealth,* 25 Ky. L. 1769, 78 S. W. 858.]

