Embry v. The Commonwealth.

CASE 89—INDICTMENT—SEPTEMBER 10, 1881.

# Embry v. The Commonwealth.

### APPEAL FROM OHIO CIRCUIT COURT.

1. "Intimidating, alarming, and disturbing any person," &c., denounced in section 2 of the act, entitled "An act to amend chapter 28, Revised Statutes," approved April 11, 1873, imply the use of physical force or menace, and involve a breach of the peace.
2. The indictment is insufficient.

WALKER & HUBBARD FOR APPELLANT.

1. The court erred in overruling appellant's demurrer to the indictment.
2. And erred in instructions to the jury.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
    No brief.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The appellant and Louis Hix were indicted under the second section of the act, entitled "An act to amend chapter 28 of the Revised Statutes, title 'Crimes and Punishments,'" approved April 11, 1873, for the offense of unlawfully confederating together for the purpose of intimidating, alarming, and disturbing another.

Appellant having been convicted, and adjudged to be confined in the penitentiary eleven months, appeals to this court for reversal of the judgment.

The facts stated in the indictment as constituting the offense are, that "said Embry and Hix, in the county of Ohio, on the — day of January, 1878, and before the finding of the indictment, did willfully and unlawfully confederate and band themselves together for the purpose of, and did, then and there, willfully and unlawfully intimidate, alarm, and disturb Jordan Pearson, by then and there threatening to have said Pearson prosecuted in the United States court for selling whisky in said county without license, and by

thus confederating as aforesaid, and threatening as afore-said, greatly intimidated, alarmed, and disturbed said Pearson, and by so doing as aforesaid, demanded of, and against his will forced said Pearson to pay them thirty-one dollars in money in consideration that they would not inform on or testify against him concerning said matter of selling whisky as aforesaid," &c.

The second section of the act is as follows: "If any two or more persons shall confederate or band themselves together for the purpose of intimidating, alarming, or disturbing any person or persons, or to do any felonious act, they, or either, shall, on conviction thereof, be confined in the penitentiary not less than six nor more than twelve months, or, in the discretion of the jury, fined not less than one hundred nor more than five hundred dollars, and imprisoned in the county jail not less than three nor more than six months."

Whether the statute be considered with reference to the reason for its enactment, and the mischief intended thereby to be provided against, or construed according to either the common and approved usage of language, or the technical meaning of the words used, it is clear that the facts stated in the indictment do not constitute the offense described in the second section.

The mischief the legislature intended, by the statute, to provide a remedy against was the confederating and banding together of disorderly and evil-disposed persons for the purpose of unlawfully, and by the use of physical force, or threats of force and violence, overawing and injuring the persons and property of obnoxious and defenseless individuals, to the disturbance of public tranquility and order.

Embry v. The Commonwealth.

Intimidating, alarming, and disturbing, in the sense the words are obviously used by the legislature, as well as according to their legal signification, imply the use of physical force or menace, and involve a breach of the peace.

The statement in the indictment is, that appellant and Hix confederated and banded themselves together for the purpose of intimidating, alarming, and disturbing Pearson, not by violence to his person or property, or threats of violence, but by threatening to have him prosecuted in the United States court for selling whisky without license.

If Pearson was guilty of violating the revenue laws of the United States, which is not negatived, and may be reasonably inferred, it was not unlawful for appellant and Hix to have him prosecuted for the offense, or to confederate for that purpose.

But whether he was guilty or not, the particular circumstances stated in the indictment do not constitute any offense in the meaning of the second section of the statute.

It is alleged in the indictment that Pearson was, by a threat of being prosecuted, forced against his will to pay to them thirty-one dollars in consideration that appellant and Hix would not inform on or testify against him. But the offense charged being for confederating for the *purpose* of intimidating, alarming, and disturbing, and not for any actual injury to person or property, it is immaterial why the money was paid, or whether it was paid at all or not.

The circuit court erred in overruling the demurrer to the indictment and the motion in arrest of judgment.

Wherefore, the judgment is reversed, and cause remanded, with directions to sustain the demurrer and dismiss the indictment.