COMMONWEALTH *vs.* WILLIAM A. MOSBY.

Suffolk. January 28, 1895. — March 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Threat to injure the Person of Another — Intent to extort Money — Statute.*

A threat to arrest a person in a civil proceeding cannot be held to be a threat to injure the person of another, within the meaning of Pub. Sts. c. 202, § 29.

INDICTMENT, on the Pub. Sts. c. 202, § 29, in two counts. The first count alleged that the defendant, on February 10, 1894, feloniously, knowingly, wilfully, and maliciously did " threaten an injury to the person of one Lydia A. Williams, to wit: to arrest, imprison, and take into custody, and cause to be arrested, imprisoned, and taken into custody, the body of her, the said Lydia, by then and there feloniously, knowingly, wilfully, and maliciously sending and causing to be sent to the said Lydia " with intent thereby to extort money from the said Lydia A. Williams, the following written communication:

" Boston, February, 1894. Mrs O. Williams: Madam: We cannot state that you are directly or indirectly mixed in Messrs Rogers and Gardner affairs and we should be oblige to have your statement verbally, as we do not know you or unless your statement was taken before some lawyer as we stated before you are

placed in a very bad position in not making them pay you, from investigation you have no one but your self to assist you in paying your rent & etc. and how can you afford to rent to them and simply take their statement, they have property of which they could sold they been at 564 Shawmut Ave Three months, both of them are slick people, and I am affraid they get you into troble yet, they will unless they settle this bill for if we send for them to attend meeting in New York & neither Mr Gardner or his Representive appear Gardner will be brought on and of course we will have to summonds you and if you fail to come we will have to arrest you, If Mr Gardner was to take is representive advice or you also, you be better off as he know just how they stand of course if you are sent for you cannot tell how long you will have to remain if we were to hold Mr Gardner and Rogers you have to remain also untill the case was over if it took a month unless some one could furnish bail. I simply write you facts as I think you have placed your confidence in the wrong persons this Mr Gardner especially. We are giving them time to settle up this affair but they got to exert them self.

"Mr Gardner and Mrs Rogers I shall frankly tell you that they have imprisiment for life hanging over their heads of which you may not be aware of if you did for to have to be such a witness you may feel ashamed. I cannot state how long you have to remain I write to you in behalf of Govement Prot Ass. John Bailey — "

The second count, which was otherwise identical with the first, alleged the sending of the following communication:

"Boston, Oct. 5th, 1894. Mrs Lidia Williams, Dorchester, Mass.: Madam, your failing to fulfill your part of agreement of the 4th inst. will neccestiate your appearance before whole board at New York, N. Y. on account of G. W. Williams Att. whom have forward his amount to Grand Chief and of whom notifies you to appear to give reason why said bill of said thirty Days has not been paid, either your Attorney or representive must be here tomorrow noon, you will also be charged for this summonds

    Two Dollars                                    $2.00

whole bill Three Dollars — you having received full acquittal from said Society under circumstances of case James H. Gardner & Mrs M. P. Rogers of said 581 Shawmut Ave, said Boston

Massachusetts Whom said James H. Gardner and M. P. Rogers appear in said New York to give explantion through G. W. Williams. Fail to appear or to have your Attorney or representive there at your peril. As we shall be oblige to arrest you as these cases we do not intend to carry over this week. We must know tonight what is to be done if we don not here from you will be oblige to send man. Yours Respectfully, Dective Geo. H Hardrey, Returnable at 10 o'clock — "

In the Superior 'Court, before the jury were impanelled, the defendant moved to quash the indictment, for the reason that the alleged threats contained in the letters set forth in the indictment were not threats to injure the person of Lydia A. Williams. *Bishop,* J. ruled that a statement or threat to a person that he must appear as a witness or that he will be compelled to do so by legal process is not a threat within the meaning of the statute ; that to come within the statute a threat must be of physical injury to the person threatened ; and that the jury would be at liberty to find that such injury was intended from the whole language of the letters, notwithstanding the word "arrest" was used ; and upon this ground overruled the motion to quash, and submitted the case to the jury with the instructions indicated in the ruling.

The jury returned a verdict of guilty on both counts ; and the defendant alleged exceptions.

*F. S. Goodwin,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

FIELD, C. J. The question in this case is whether the letters set out in the indictment contain threats to injure the person of Mrs. Williams, within the meaning of Pub. Sts. c. 202, § 29. The threats, as we construe the letters, are to arrest her on some process in order to compel her to appear in New York, either as a witness in some proceeding against other persons, or as a defendant in some proceeding against her to collect a debt. The indictment does not allege that the threats were to arrest her without legal process, or without lawful legal process, although it is difficult to conceive of any lawful legal process by which Mrs. Williams could be arrested in this Commonwealth for the purpose of compelling her to testify as a witness or appear as a

defendant in any civil proceeding in New York. The section of the Public Statutes under which the indictment was drawn is said to have been taken from the statutes of the State of New York, and it is a provision found in the statutes of some other States. Commissioners' Report, Rev. Sts. note to c. 125, § 13. Rev. Sts. c. 125, § 17. Gen. Sts. c. 160, § 28. We have decisions which relate to that part of the section which forbids any one maliciously to threaten " to accuse another of any crime or offence," but we find none which construes the particular clause under which this indictment was drawn. It is plain, we think, that the section was not intended to include a malicious threat of bringing a civil suit against another, and we think that it cannot be held to include a threat to sue out any civil process against another. A threat to injure the person of another naturally means a threat to use actual physical force upon the person of another. This might be done under pretence of a fictitious legal process, or a process known to be void, but this indictment does not charge threats to make a false arrest. The threats are that, if Mrs. Williams does not appear either as a witness or as a defendant, she will be arrested and compelled to appear, but there is no allegation that this was to be done by an illegal or void process. It has been said that a threat to arrest a person on a charge of crime is not a threat to injure the person of another, and we think that a threat to arrest a person in a civil proceeding cannot be held to be a threat to injure the person of another. See *Embry* v. *Commonwealth*, 79 Ky. 439. *Britt* v. *State*, 7 Humph. 45.

*Exceptions sustained.*