## Baker, et al. v. Commonwealth.

(Decided September 27, 1918.)

### Appeal from Crittenden Circuit Court.

Breach of the Peace—Bond to be of Good Behavior.—The bond "to be of good behavior," authorized by the amendment of March 23, 1916, embraced in chapter 53, Session Acts 1916, to section 2557b, Kentucky Statutes, is breached by a conviction under the act of March 10, 1894, or any of its amendments, commonly known as the local option law, but a conviction for the commission of a violation of any other penal law is not a breach of such bond.

A. C. MOORE for appellants.

CHARLES FERGUSON, CHARLES H. MORRIS, Attorney General, and M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This appeal involves the question as to whether or not a conviction, for the offense of gambling, by engaging in a game of "poker" constitutes a breach of a bond for "good behavior" required by section 2557b, subsection 3 of Kentucky Statutes, as amended by chapter 53, of Session Acts of 1916. The section of the statutes embraced by the four subsections of section 2557b, *supra,* was enacted on March 11, 1902, and the third subsection provided, that, on the second, or any subsequent conviction of one, for a violation of the Act of March 10, 1894, or of any of the amendments, thereto, commonly known as the "local option" law, the convicted party should be required to execute bond in the sum of two hundred dollars "to be of good behavior" for a period of twelve months. A subsequent provision provided, that the court might, in its discretion, increase the amount of the bond, and that, if the bond was not

given, the defendant should be committed to the county jail for a period, to be fixed by the court, not to exceed ninety days. Subsection 3 of the Act of March 11, 1902, was amended by an act of the General Assembly, which was approved on March 23, 1916, and constitutes chapter 53 of Session Acts, of 1916. The amendment provides that the bond required by section 2557b, subsection 3, should be required of a defendant upon the first conviction for a violation of the Act of March 10, 1894, or any of its amendments, committed after a former conviction for a violation of the act, or any of its amendments, should be confined in the penitentiary, for a period of not less than one nor more than two years.

The appellant, A. H. Baker, having suffered several convictions before the judge of the Crittenden county court, for violations of the Act of March 10, 1894, or some of its amendments, was required to execute a bond to the Commonwealth of Kentucky, conditioned that he would be of "good behavior" for the period of twelve months, or else pay to the covenantee the sum of one thousand dollars. Several other undertakings were embraced in the bond, but the one to be of "good behavior," and not violate the local option law, were the only ones authorized by the statute, and, hence, are the only ones to be now considered. This bond was executed by Baker with the appellant, D. E. Gilliland, as his surety. Thereafter, Baker, committed violations of the laws against gambling, by engaging in games of "poker," for which he was prosecuted and suffered judicial convictions, in two instances. The Commonwealth's and county attorneys filed this suit in the name of the Commonwealth of Kentucky against the appellants, for a forfeiture of the bond, and recovery of the amount of it, setting out and relying upon convictions for gambling, as a breach of the bond.

A general demurrer to the petition was overruled. The appellants then answered, denying a breach of the bond, and pleading, that the convictions for gambling relied upon as breaches, were committed by engaging and playing at games of "poker." A general demurrer to the answer was interposed, and sustained. The same question was involved upon the demurrer to both the petition and the answer. The appellant failing to further plead, a judgment was rendered to the effect,

that the conditions of the bond had been breached, and a recovery against the obligors for the sum of one thousand dollars, and from this judgment, they have appealed.

The appellants contend, that a breach of a bond "to be of good behavior" required after a conviction for a violation of the Act of March 10, 1894, or one of its amendments, can arise only, for the same reasons, from which a breach of a bond "to keep the peace or to be of good behavior" may arise, under chapter ii, of the Criminal Code, and a conviction for the offense of gambling by playing "poker" not being sufficient upon which to base a forfeiture of a bond executed under the provisions of the Criminal Code, *supra,* the judgment, in the instant case, should be reversed. That a conviction of the penal offense of gambling, by the playing of "poker" would not amount to a breach of the bond provided for by chapter ii, of Criminal Code, there can be no doubt. The legislative construction placed upon the terms "to keep the peace" and "to be of good behavior," as used in chapter ii of Criminal Code, *supra,* seems to make them to carry substantially the same signification. Under the provisions of chapter ii, of the Criminal Code, embracing sections 382 to 393, inclusive, a person can be required to give security "to keep the peace, or to be of good behavior," only, when there are reasonable grounds for believing, that such person will commit an offense against the person or property of another, or violence endangering human life, or a crime amounting to a felony. It seems for these reasons, a bond, either "to keep the peace or to be of good behavior," or both may be required. The bonds which may be required under the provisions of the Criminal Code, can be breached, in only three ways, which are enumerated in section 391, Criminal Code, as follows:

"(1) The failure of the defendant to appear in the circuit court, if the bond requires such appearance, or departing therefrom before he is lawfully discharged.

"(2) A judicial conviction of the defendant of an offense involving a breach of the peace, within the period specified in the bond.

"(3) The judicial conviction of the defendant, of a felony within the time specified in the bond, if the bond be for his good behavior."

Construing subsection 2, of section 391, *supra,* it has so often been held, as to now be considered fully settled, that the breach of the peace, a conviction for the commission of which, will be a breach of the bond "to keep the peace or to be of good behavior," under the provision of the Criminal Code, must be a breach of the peace, which imports violence or injury to an individual or his property, and a mere violation of public decorum or a violation of a penal law, which is not an offense attended with force or violence against the person or property of another, is not a breach of such a bond. Rankin v. Commonwealth, 9 Bush 553; Ball v. Commonwealth, 149 Ky. 260; Commonwealth v. Mahoney, 2 R. 324; Cornett v. Commonwealth, 25 R. 1769; Embry v. Commonwealth, 79 Ky. 440. A conviction for a felony, however, is a breach of such a bond. Subsection 3, section 391, *supra.* The legislative act embraced in section 2557b, *supra,* wherein it is provided, that upon a second or subsequent conviction of a violation of the Act of March 10, 1894, or any of its amendments, a bond of the defendant "to be of good behavior" was required, was enacted in the year 1902, and considering the purposes for which the bond "to be of good behavior" was required by that act, it would lead to an absurdity to hold, that a breach of it could occur, only, for the same reason, that a breach of a bond for "good behavior," required under the Code could be breached, as a violation of the Act of March 10, 1894, or any of its amendments, is not a breach of the peace, at least, which imports violence or injury to the person or property of another, and at the time of the enactment of that statute, there was no violation of the Act of March 10, 1894, or any of its amendments, which, in any instance, amounted to a felony. The purpose expressed in the title of section 2557b, *supra,* for its enactment was a better enforcement of the Act of March 10, 1894, and its amendments. It is a sufficient answer to the contention of appellants, that the bond, in controversy, is not one, which could be or was required under chapter ii, Criminal Code, *supra,* and was not required for any of the reasons provided for in that chapter, and while the enactment of section 2557b, and its amendment of 1916, may be considered as an enlargement of the statutory power given to the courts, to require bonds "to be of good behavior," it does not follow, that a breach of such a bond can be

effected, only, for the reasons provided for the breach of the bonds provided by the Code. Upon the other hand, it is contended for the appellee, that a conviction for a violation of any penal law, is a breach of the bond provided for by section 2557b, *supra,* and its amendment by chapter 53, Session Acts, 1916, and upon this theory, the judgment appealed from, seems to have been rendered. This contention seems to be likewise untenable. It is. true, the statute, which provides for the bond does not provide of what a breach of it shall consist, as does chapter ii, Criminal Code, *supra,* for the bonds ''to keep peace or for good behavior'' provided for by that chapter. The language of section 3, of chapter 53, Session Acts, 1916, is as follows: ''On the first conviction for a violation of said act, or any of its amendments, the court shall require the defendant to execute bond in the sum of two hundred dollars to be of good behavior for the period of twelve months. The court may, in its discretion, increase the amount of the bond, and if the bond is not given, the defendant shall be committed to the county jail for a period not exceeding ninety days, to be fixed by the court.'' The only difference between the foregoing and section 2557b, to which it is an amendment, is that the original act provided that the bond should be required ''on the second or any subsequent conviction,'' instead of ''on the first conviction, etc.'' Hence, to ascertain of what a breach of such a bond, as is in controversy, may consist of, it is necessary to ascertain and determine what the legislature, in enacting the statute intended should be a breach of the bond. It is unnecessary to say, that in construing statutes, the fundamental rule is to ascertain the intention of the law-making power. It is a well known rule, that the spirit and reason of the law will prevail over its letter, when a literal application of the letter would lead to absurdity or injustice, and in such instances, where the meaning is doubtful, the general terms used may be restrained by the spirit of the statute. The purpose of the legislature in enacting the statute may be looked to, and if the precise words used are inconsistent with the object of the statute, they must give way to the intention as ascertained from the entire act. With these principles in mind, the legislation will be looked to, which culminated in the statute, under which the bond in controversy was required and exe-

cuted. The Act of March 10, 1894, and all of its amendments, relate to one general subject, and that is the regulation and control of the traffic in spirituous, vinous and malt liquors. The penalties denounced by that act and its amendments are, all, for the commission of acts relating to the sale and loan, or having in possession for the purpose of sale, of intoxicating beverages. No other penalties are denounced and no other subjects are dealt with. The legislature, when enacting section 2557b, *supra*, declared its purpose in so doing, in the title to the act. The title is as follows: "An act for the better enforcement of an Act approved March 10, 1894, entitled: "An act whereby the sense of the people of any county, city, town, district or precinct may be taken as to whether spirituous, vinous or malt liquors shall be sold, bartered or loaned therein," and to amend section 4 of said act." In enacting chapter 53, Session Acts, 1916, *supra*, the legislature, again reiterated its purpose in the legislation, by the title to the act, which it declares is an amendment to section 2557b, and which is enacted for the sole purpose of the better enforcement of the act of March 10, 1894, and its amendments. It is only for a conviction of a violation of the Act of March 10, 1894, or one of its amendments, that the bond sued on can be required. The evident intention of the legislature was, not to better enforce the penal laws of the state generally, but to devise means to prevent recurrence of the unlawful traffic in intoxicating liquors. In Hyser v. Commonwealth, 116 Ky. 416, the defendant was required to execute the bond provided for by subsection 3, section 2557b, *supra*, and he appealed to this court, contending that the section was void for uncertainty, because it did not define the meaning of the words "good behavior." In holding adversely to that contention, this court said: "It is, however, an expression as old as the common law. Behavior is the mode of conducting one's self, and is used to express one's manner of living. Therefore, the legal signification of the expression 'good behavior,' as used in the statute, *supra*, is that one who is placed under bond for his 'good behavior' as therein authorized, is to be in a state of trial or probation with respect to the subject matter of the statute. He must, for a given time, behave with such propriety of conduct as to make himself amenable to the statute. In other words he must

keep within its letter and spirit by refraining from any further violation of its provisions during the period of probation, otherwise he or his security will have to pay the penalty named in the bond." While the question for decision upon this appeal is not the same, as in the case, *supra,* the reasoning as to the application of the statute, is applicable to the instant case. Considering the purpose of the legislation, which authorized the requirement of the bond sued on, the circumstances under which it may be required, and the purposes to be effected by it, they are conclusive, that the legislation to require bonds of those convicted of violations of the "local option" law, and its amendments, is not to require them to refrain from anything except from future violations of that law and its amendments. The general words used must give way to the intention expressed by the provisions of the entire act, and "to be of good behavior" as expressed in that statute means to refrain from any violation of the Act of March 10, 1894, or of any of its amendments, and a conviction of any such violation will be a breach of the bond, and will subject it to forfeiture, but the conviction for the violation of any other penal statute is not a breach of the bond. Hence, the judgment is reversed, with directions to the circuit court to set aside the judgment, and to dismiss the action.