## Commonwealth v. Voils et al.

(Decided January 20, 1931.)

J. W. CAMMACK, Attorney General, C. C. CRABTREE and E. G. WESLEY for appellant.

CHARLES F. MONTGOMERY and E. C. MOORE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The commonwealth of Kentucky, upon relation of E. G. Wesley, county attorney of Casey county, and C. C. Crabtree, commonwealth attorney of the Twenty-Ninth judicial district of which Casey county is a part, instituted this action against John Voils, Jr., and his sureties in a peace bond to recover the penal amount of $2,000 specified in the bond. The action was dismissed upon demurrer to the petition, and the commonwealth has prosecuted an appeal. The sufficiency of the petition is the sole question presented.

It is aptly alleged that John Voils, Jr., was required to execute a bond to keep the peace, to be of good behavior, and to appear in the Casey circuit court at its next term; that a bond with two sureties in the penal

sum of $2,000 conditioned as required by law was duly executed; and that thereafter while the bond was in effect, and before the next term of court, the principal committed a breach of the peace, and likewise committed the offense of reckless use of a deadly weapon and he was convicted of both offenses at the next term of the Casey circuit court. Copies of the bond and of the order exacting it were exhibited with the petition. There was also exhibited with the pleading copies of the indictments and judgments of conviction upon which the commonwealth relied as breaches of the bond.

One of the indictments charged the defendant with the offense of discharging a deadly weapon upon a public highway, not in the defense of himself or of his property. The other indictment charged the defendant with a breach of the peace committed by being publicly drunk, reeling, staggering, talking, cursing, threatening, swearing, using abusive and insulting language, and offering to fight and fighting, running horses, and discharging firearms on the public highway, and otherwise acting disorderly.

The judgment of conviction in the first case imposed a fine of $10 and costs and in the second case the judgment fixed a fine of $100 and confinement in the county jail at hard labor for a period of fifty days. The point presented is whether the judgments of conviction described constituted a breach of the bond to keep the peace.

A bond to keep the peace is a form of preventive justice for the protection of persons and property, and is authorized by section 382 of the Criminal Code of Practice. When a peace bond is required to be given under that section of the Code, no appeal is allowed. Lowe v. Commonwealth, 129 Ky. 565, 112 S. W. 647, 33 Ky. Law Rep. 1078. Section 391 of the Criminal Code of Practice specifies and defines what shall constitute breaches of such a bond. The portion thereof applicable in this case is the second subdivision, which provides that a breach shall consist of "a judicial conviction of the defendant of an offense involving a breach of the peace, within the period specified in the bond." The rather sweeping language of the statute must be construed with deference to the purpose to be achieved and the tacit assumptions upon which it must have been enacted. A modern lawwriter has declared that, "The law secures interests by

punishment, by prevention, by specific redress, or by subtitutional redress; and the wit of man has discovered no further possibilities of judicial action." Roscoe Pound, 27 Int. Jl. of Ethics, 164. The peace bond required by the Criminal Code is a species of prevention designed to avert injury to persons or property menaced by the defendant. The end to be accomplished must be kept in mind in the application of the remedy provided. Beginning with the case of Rankin v. Commonwealth, 9 Bush. 553, this court has consistently construed the provision of the Code to mean that before a peace bond may be forfeited and the penalty thereof collected from the sureties, the defendant must have been convicted of an offense which is either a felony or a breach of the peace of such character as imports violence or injury to an individual or his property. Mere violation of public decorum, or the infraction of a penal law, which is not an offense attended with force or violence against the person or property of another, is not a breach of the bond. Ball v. Commonwalth, 149 Ky. 260, 147 S. W. 953, 40 L. R. A. (N. S.) 186; Commonwealth v. Mahoney, 2 Ky. Law Rep. 314; Cornett v. Commonwealth, 78 S. W. 858, 25 Ky. Law Rep. 1769; Embry v. Commonwealth 79 Ky. 440; Baker v. Commonwealth, 181 Ky. 437, 205 S. W. 399.

It must therefore, be regarded as settled that offenses of the character alleged in the petition in this case do not constitute breaches of a peace bond exacted under the authority of the Criminal Code of Practice, sec. 382. The circuit court ruled rightly in holding that the petition did not state a cause of action.

The judgment is affirmed.