## Herron et al. v. Commonwealth.

April 20, 1943.

**32**

R. L. Brown for appellants.

J. B. Johnson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On January 9, 1940, L. B. Herron, one of the appellants, was tried in the Whitley Circuit Court for the offense of suffering gaming on premises under his control. He was found guilty and assessed a fine of $250. On the same day the trial judge caused the following order to be placed upon the Order Book of his court:

"It appearing to the court that the defendant, L. B. Herron has thus been convicted for the violation or offense of suffering gaming on his premises and the court having heard the evidence and being advised, it is hereby ordered by the court that the said defendant, L. B. Herron, be and he is hereby required to execute bond in the sum of Two Thousand ($2000.00) to be of good behavior and keep the peace for and during a period of 12 months, and not violate the peace or gaming laws of the Commonwealth of Kentucky during such period, and that if he fails to execute such bond that he the defendant be committed to the County Jail in default of such bond for a period of 90 days."

Pursuant to this order, Herron executed the following bond, with his father, George R. Herron, the other appellant, as surety:

"The defendant, L. B. Herron having been convicted for a violation of the laws relating to suffering gaming on premises and being in custody of jailer and being required to execute a bond in the sum of $2000.00, Two Thousand Dollars, ($2000.00), to be of good behavior for the period of twelve months from the date hereof and not to violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquors.

"Now, therefore, we, George R. Herron and

————do hereby undertake that the said L. B. Herron will be of good behavior for the period of twelve months and will not violate any of the laws of Kentucky relative to the sale, possessing, transportation or manufacture of intoxicating liquors, in the Commonwealth of Kentucky during the period of twelve months from the date hereof.

"Should the said defendant, L. B. Herron, fail to comply with the provisions of this bond, that we will forfeit and pay to the Commonwealth of Kentucky the sum of $2000.00 Dollars.

"Witness our hands this the 9 day of Jan. 1940."

Within six months after the execution of the bond L. B. Herron was twice convicted for trafficking in liquor; once in the Whitley quarterly court, and once in the circuit court. The commonwealth's attorney instituted this proceeding seeking a forfeiture of the bond because of the two convictions for trafficking in liquor. Herron sought to have stricken from the bond the provisions relating to trafficking in liquor, and to have it corrected so as to conform to the aforementioned court order. He filed in support of his motion the affidavit of the circuit clerk which sets forth, in substance: That the only charge against Herron at his trial on January 9th was for suffering gaming on his premises; that all of the evidence was directed toward that charge; that the court did not direct him to have Herron execute a bond not to violate any of the liquor laws; that he had been in office only a few days when the bond was executed; that he attempted to make the liquor bond conform to the court's order; and that he did not recall reading or explaining to the Herrons the part of the bond referring to a violation of the liquor laws. An answer was filed wherein L. B. Herron set forth that the order directing the bond referred only to the conviction for suffering gaming on his premises; that he had not violated its provisions; that the bond improperly made reference to the violation of the liquor laws; that there had been no subsequent charge against him as to suffering gaming on his premises; that he had not been required to execute bond under the local option laws; and that, if any bond was authorized upon his conviction for suffering gaming on his premises, it should have been under KRS 436.240 and KRS 436.220 in the amount of $100.

The cause was submitted for judgment on the pleadings, and judgment was entered directing that the Commonwealth recover $1,000 of the Herrons.

Being of the opinion that the bond was void, we shall confine our consideration of the case to that question. Whether the trial court could have, or should have, placed L. B. Herron under a peace bond requiring him not to traffic in liquors is beside the point. The fact is that he did not do so, and the order requiring a $2,000 bond related only to the conviction for gaming and directed that Herron keep the peace and not violate the laws relating to gaming. Whether L. B. Herron could have been required to execute a $100 bond under KRS 436.240 and KRS 436.220, is also beside the point, because the forfeiture in the amount of $1,000 was not based upon the charge that he had suffered gaming on his premises within 12 months after the execution of his bond. The circuit clerk had no authority to take a bond from L. B. Herron different from that which the court directed should be taken; and, obviously, that is what the clerk intended to do, as shown by his affidavit and by his attempt to correct the standard liquor bond form so that it would comply with the court's order. See Baker v. Commonwealth, 181 Ky. 437, 205 S. W. 399, and Smith v. Commonwealth, 9 Ky. Law Rep. 720. It follows that the part of the bond having reference to the violation of the liquor laws was utterly without foundation, and, therefore, void. We might say, also, assuming the bond to be good in the amount of $100, that Herron's liquor law violations, if they were actually committed within the period of the bond, would not constitute such a breach of the peace as to warrant a forfeiture of the bond. As pointed out in Baker v. Commonwealth, supra, a mere violation of public decorum or a penal law, not accompanied by violations or injury to an individual or his property, does not constitute such a breach.

It follows from what has been said that it is our view that the judgment should be and it is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.