327 A.2d 843.

STATE *vs.* HARVEY C. SIMMONS.

NOVEMBER 12, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The defendant, Harvey C. Simmons, was indicted for violating G. L. 1956 (1969 Reenactment) §11-

42-2[1] in that he unlawfully and maliciously verbally threatened to expose another to disgrace and to injure the reputation of that other with the intent thereby to compel him to do an act against his will, to wit: to resign from the presidency of the Coventry Town Council. The defendant moved to dismiss the indictment on the ground that it did not charge an offense under §11-42-2, and alternatively on the ground that the crime charged was unconstitutionally vague because it failed to give him adequate notice that the conduct for which he had been indicted was forbidden by law. When the motion was granted, the state appealed.[2]

The statutory language, "any injury to the person * * * of another," does not explain itself, is of doubtful meaning, and therefore is ambiguous. Hence it must be construed. *Commerce Oil Ref. Corp.* v. *Miner,* 98 R. I. 14, 18, 199 A.2d 606, 608 (1964); *Mason* v. *Bowerman Bros.,*

---

[1]General Laws 1956 (1969 Reenactment) §11-42-2 reads as follows:

"Extortion and blackmail.—Whoever, verbally or by a written or printed communication, maliciously threatens to accuse another of a crime or offense, or by a verbal or written or printed communication maliciously threatens any injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will, shall be punished by imprisonment in the adult correctional institutions for not more than fifteen (15) years, or by a fine of not more than five thousand dollars ($5,000), or both."

[2]The state's appeal is authorized by G. L. 1956 (1969 Reenactment) §9-24-32, as amended by P. L. 1972, ch. 169, sec. 10 which, in pertinent portion, reads as follows:

"In any criminal proceeding, the attorney-general shall have the right to object to any finding, ruling, decision, order or judgment of the superior court or family court, and the attorney-general may appeal such findings, rulings, decisions, orders or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also appeal any findings, rulings, decision, order or judgment of the superior or family court; and the attorney-general may appeal thereafter, if, after trial, the defendant appeals."

18

95 R. I. 425, 431, 187 A.2d 772, 775-76 (1963). Thus, the threshold question for decision is whether the language in question should embrace only threats of actual physical harm, or whether it should also include threats to injure one's reputation. Only if we construe it to include the latter, must we address the constitutional question.

In support of its contention that we should read the language to include threats of injury to another's reputation, the state relies principally on *McDonald* v. *Brown,* 23 R. I. 546, 51 A. 213 (1902). There we held that a judgment for libel was based upon a willful and malicious injury to the person and therefore was not a dischargeable debt in bankruptcy.[3] In so holding, we gave the bankruptcy act a broad reading and observed that "[w]ounded feelings, mental anguish, loss of social position and standing, personal mortification and dishonor, are clearly injuries that pertain to the person." *McDonald, supra* at 550, 51 A. at 214.

While that is strong language apparently supporting the state's position, it pertains to remedial legislation which ought to be liberally construed and taken "in its broad and general sense." *McDonald, supra* at 549, 51 A. at 214. In this case, however, the legislation is penal rather than remedial, and because it is penal the same language liberally construed in *McDonald* must be read narrowly here, *State* v. *Nadeau,* 81 R. I. 505, 512, 105 A.2d 194, 198 (1954), and defendant must be given the benefit of any reasonable doubt as to whether the act charged is within the meaning of the statute. *State* v. *Beck,* 21 R. I. 288, 295, 43 A. 366, 368 (1899); *State* v. *Mylod,* 20 R. I. 632,

---

[3]The Bankruptcy Act of 1898 provided in ch. 3, sec. 17:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are judgments * * * for willful and malicious injuries to the person or property of another * * *."

637, 40 A. 753, 755 (1898). Moreover, to construe the language "injury to the person" here solely in reliance on the reading it received in *McDonald* would be to give weight to a holding that has "little value as precedent here" and would "verge upon speculation with reference to the legislative intent." *Commerce Oil Ref. Corp.* v. *Miner, supra* at 18, 199 A.2d at 608.[4]

Thus, when we view the language of the penal extortion statute in the required light, uninhibited by how we construed the identical phrase in the *McDonald* context, we are persuaded that the requirement that there be a threat of "injury to the person" contemplates the peril of actual bodily harm and does not include danger to reputation alone. This result finds support in the following authorities. In each, the circumstances called for strict construction, and similar language was held to mean bodily or physical injury. *Freese* v. *Tripp,* 70 Ill. 496, 500 (1873) (anguish or pain of mind); *Calloway* v. *Laydon,* 47 Iowa 456, 458 (1877) (threatening language and vulgar conduct); *Commonwealth* v. *Mosby,* 163 Mass. 291, 294, 39 N. E. 1030 (1895) (threat to arrest another); *Mulford* v. *Clewell,* 21 Ohio 191, 196 (1871) (mental anguish, disgrace and loss of society or companionship).[5]

---

[4]The state also relies on *Taylor* v. *Bliss,* 26 R. I. 16, 57 A. 939 (1904). There the defendant in an alienation of affection suit was not permitted to take the oath under the poor debtor's statute, where the statute denied the asserted right to one who had been committed on an execution for malicious injuries to the health or *reputation* of the plaintiff involved. This case is of no assistance to the state because the same factors that limit the precedential value of the *McDonald* case obtain, and also because the poor debtor's act specifically included injury to the "reputation" in addition to the "person" of another.

[5]The writer of a note entitled "A Rationale of the Law of Aggravated Theft" says that: "The meaning, in the extortion statutes, of 'injury to the person' has caused little difficulty. Clearly the provision refers to a threat of bodily harm." 54 Colum. L.Rev. 84, 89 (1954).

20

The state's appeal is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court for further procedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*John Tramonti, Jr.,* for defendant.