DECISION
Defendant Dennis L. DiPrete joined by defendant Edward D. DiPrete move to dismiss those specific acts brought pursuant to the Racketeer Influenced and Corrupt Organizations (RICO) statute and the several enumerated counts alleging extortion in violation of R.I.G.L. § 11-42-1.1 and bribery in violation of R.I.G.L. §11-7-3. Defendants assign various reasons for each motion, which shall be discussed separately.
EXTORTION
Defendants argue that their motion to dismiss the extortion allegations ought to be granted because neither the Indictment nor the information supplied by way of the Bill of Particulars alleges that the defendants engaged in coercive practices to carry out the activities proscribed by the statute, which they contend is an indispensable element to be proven by the state.
The state basically argues that coercion is not an element to be proven and, therefore, objects to defendants' motion.
The court will address other contentions advanced by the parties as it becomes necessary to the discussion of the basic issue.
The statute pursuant to which the allegations of extortion or attempted extortion were brought provides as follows:
 11-42-1.1. Extortion by public official. — Any person, being an elected or appointed official or employee of the state, or of any political subdivision of the state, or of any city or town of the state, or representing himself or herself to be, or assuming to act a such, who, under color or pretense of office, commits or attempts to commit an act of extortion, shall, upon conviction, be imprisoned for a term of not more than fifteen (15) years, or fined not more than twenty-five thousand dollars ($25,000), or both and shall forfeit all unjust enrichment.
Although the statute does not contain any reference to coercion, the defendants argue that a plain reading of its language requires the court to supply it because common law extortion in this jurisdiction has required proof that a perpetrator of an act of extortion threatened injury to the person, reputation, or property of another. They argue that coercion is a requisite element of the offense and the omission of such an allegation is fatal; consequently, the indictment must be dismissed because the statute requires both conduct under color or pretense of office and the making of a threat.
The state's position, as previously stated, was and is that threats are not a necessary element. Indeed when instructing the grand jury prior to its deliberations on the subject, the state's attorney told the grand jury that "extortion is a corrupt collection of an unlawful fee by an officer under color or pretense of office with no proof of threat or force or duress required."
The defendants' position is that the instruction given was not the state of the law and argue that because the necessary elements were not supplied to the grand jury there is a probability that it was misled into returning the indictment relative to alleged acts of extortion. Defendants urge upon the court that they will be irreparably prejudiced if required to stand trial when the grand jury was not instructed on all the elements of the crime of public official extortion as they believe was required by the statute. As a result, they argue the only effective remedy would be the dismissal of all acts or counts alleging such extortion.
The issue is clearly joined and requires the court to determine what the Legislature intended when it enacted the subject statute in 1987 and how that intention affects the extortion allegations in the indictment.
Under the rules of statutory construction, the words of a statute are to be accorded their literal and plain meaning unless the words are ambiguous. A criminal or penal statute is subject to strict and narrow construction. State v. Smith, 662 A.2d 1171
(R.I. 1995); State v. Powers, 644 A.2d 828 (R.I. 1994). In addition, a defendant must be given the benefit of any reasonable doubt as to whether an act charged is within the meaning of the statute. State v. Simmons, 114 R.I. 16, 327 A.2d 843 (R.I. 1974).
In written as well as oral argument, the parties have debated the merits, or lack thereof, in turning to federal law for assistance in determining the legislative intent in the drafting of the subject statute in 1987. The state contends that although the subject statute uses the term extortion, coercion is not an element, relying upon certain provisions of federal law dealing with the same subject matter. Specifically, it points to the so-called "official rights" extortion statute found at 18 U.S.C. § 872, the Hobbs Act found at 18 U.S.C. § 1951, and the plurality opinion of the United States Supreme Court in Evans v. UnitedStates, 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) dealing with the Hobbs Act.
The court is not persuaded by the state's analogy because nothing has been brought to its attention that even remotely suggests that at the time of enactment of the Rhode Island statute, the legislators had the federal law in mind. Consequently, neither federal statute nor the reasoning in Evans,supra, is instructive or even helpful in resolving the issue.
It is an accepted maxim that a statutory term is generally presumed to have its common law meaning. Taylor v. United States,455 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). When all the rhetoric is stripped away, the court is left to determine how the term "extortion," as employed by the Legislature in the subject statute, is to be interpreted. More precisely, does the term contemplate some form of coercion?
Without going into any great historical detail, it is evident that extortion and bribery statutes were enacted in order to penalize various criminal behavior. Extortion statutes have consistently punished the receiver of a benefit, not the payor, because the payor's action was considered to be involuntary making, making the payor a victim and not a participant in the crime. On the other hand, bribery statutes contemplate payments to be voluntary no matter who solicits them. Since payment under either type of statute is expected to yield a benefit, the only difference between them is that for a payment to constitute extortion it must be made unwillingly through some form of coercion. A fair reading of the various Rhode Island statutes leads one to the same general understanding of the diverse function of bribery and extortion statutes.
Rhode Island General Laws § 11-7-3 makes it illegal for a public official to solicit or accept a bribe when § 11-7-4
penalizes, in the same manner, a person who offers or gives a bribe to a public official. By contrast the Rhode Island extortion statutes, including § 11-42-1.1, do not impose a penalty on the person making a payment to a public official, because such a person is considered to be acting under duress and not voluntarily. If this distinction were not intended by the Legislature, there would have been no need to enact § 11-41-1.1 since the criminal activity was already proscribed by § 11-7-3.
The court is satisfied by its analysis, employing the rules of construction for penal statutes and of lenity, which require that the less harsh of two possible meanings be adopted, State v.Anthony, 422 A.2d 921 (R.I. 1980), that § 11-41-1.1 requires that extortion, i.e., the use of coercion or duress, be alleged and proved beyond a reasonable doubt.
The state has consistently maintained since the time that it instructed the grand jury that under the subject statute "extortion is a corrupt collection of an unlawful fee by an officer under color or pretense of office with no proof of threat or force or duress required."
The court is not unmindful of the line of cases in this jurisdiction holding that the dismissal of an indictment based upon prosecutorial misconduct before a grand jury is reserved for very limited and extreme circumstances; and, absent flagrant and overbearing misconduct by a prosecutor, the proper remedy for alleged grand jury error is a trial on the merits. State v.Chiellini, 557 A.2d 1195 (R.I. 1989). But, dismissal of an indictment is appropriate if it is established that a violation substantially influenced a grand jury's decision to indict or if there is grave doubt that the decision to indict was free from substantial influence of such violation. State v. Mainelli,543 A.2d 1311 (R.I. 1988), citing The Bank of Nova Scotia v. UnitedStates, 487 U.S. 250 (1988).
There is no dispute that the state relied solely on the "under color or pretense of office" element in presenting the alleged extortionate acts to the grand jury as clearly evidenced by its legal instruction. Unlike the situation in State v. Smith,supra, where a prosecutor's incorrect factual instruction was insufficient to support the dismissal of one count of an indictment because the grand jury had been presented with the correct facts, here we have an instruction on the state of the law which the court has concluded to be in error as previously discussed herein. The court finds under the circumstances that the failure to correctly instruct on the elements of public official extortion substantially influenced the grand jury to indict on the alleged acts or at the very least that there is grave doubt that its decision to indict on those acts was free from substantial influence by that failure.
For the stated reasons, defendants' motion to dismiss Counts 1 and 2 (RICO) to the extent that they are based upon extortionate acts and Counts 4, 6, 8, 10, 12, 14 and 16 is granted.
BRIBERY
Defendants argue that their motion to dismiss the bribery allegations ought to be granted because neither of them had the official authority under the law to commit the offenses charged. Specifically, it is alleged that the provisions of R.I.G.L. § 7-11-3 do not apply to defendant Dennis L. DiPrete and that neither he nor defendant Edward D. DiPrete had the authority to officially participate in the award of contracts to architects and/or engineers to provide services to the state, some of which activities formed the basis for the bribery charges. This contention is based upon an executive order dated November 4, 1985, which supposedly placed the authority to award such contracts in a selection committee and, therefore, such power was beyond the scope of each defendant. In addition, it is alleged that defendant Dennis L. DiPrete does not come within the purview of the statute because he was neither employed as an agent, employee, servant, nor was he a public official.
The state contends that the substance of the allegations against Dennis L. DiPrete is that he acted as an agent of defendant Edward D. DiPrete, his father, when the latter was Governor. As to the executive order establishing the so-called selection committee, the state alleges that Edward D. DiPrete manipulated the appointments to the committee in order to maintain control over the selection process, notwithstanding the executive order.
The statute pursuant to which the allegations of agreeing to accept and/or the acceptance of bribes were brought provides
 11-7-3. Solicitation or acceptance of bribe by agent, employee, or public official. — No agent, employee, or servant in public or private employ, or public official shall corruptly accept, or obtain or agree to accept, or attempt to obtain from any person, for himself or for any other person, any gift or valuable consideration as an inducement or reward for doing or forbearing to do, or for having done or forborne to do, any act in relation to the business of his principal, master, employer, or state, city or town of which he is an official, or for showing or forbearing to show favor or disfavor to any person in relation to the business of his principal, master, employer, or state, city or town of which he is an official.
Unlike the defendants' motion to dismiss the extortion acts and counts on the legal sufficiency of the grand jury instructions, the bribery acts and counts are attacked on the lack of factual sufficiency of the charges in the indictment.
An indictment is sufficient if it contains elements of the offense charged, sufficiently informs an accused of the charge that must be defended against, and enables an accused to plead judgment under indictments as a bar to any future prosecution for the same offense. If an indictment is otherwise sufficient, lack of evidentiary details establishing the facts of the offense does not invalidate the indictment, and defendant's remedy lies in a motion for a bill of particulars. State v. Concannon,457 A.2d 1350 (R.I. 1983).
In this case the issue is whether defendant Edward D. DiPrete, as Governor, maintained the decision-making authority to award contracts to architects and/or engineers, notwithstanding the executive order establishing a selection committee, and whether defendant Dennis L. DiPrete acted as an agent for his father, the Governor. Both are fact questions to be determined by the trier of fact, and the basis for each alleged act of bribery is sufficiently set forth in the indictment, as supplemented by the particulars furnished by the state, so as to apprise the defendants of the charges and protect them as required byConcannon, supra.
For the stated reason, defendants' motion to dismiss Counts 1 and 2 (RICO) to the extent that they are based upon alleged acts of bribery and Counts 3, 5, 7, 9, 11, 13, and 15 is denied.
Counsel for the defendants shall prepare and present an order for entry in accordance with this decision.