COMMONWEALTH *vs.* EDMOND BACON.

Suffolk.   March 23. — Sept. 4, 1883.   DEVENS & W. ALLEN, JJ., absent.

If the name, the street and number of the residence, and the occupation, of persons summoned as jurors in the county of Suffolk are written upon cards, which are shaken together in a revolving barrel before being drawn, the provisions of the Pub. Sts. *c.* 170, § 31, as to empanelling a jury, are sufficiently complied with; and the word "liquors" on such a card sufficiently designates the person's occupation.

At the trial of an indictment for threatening to accuse a person of crime, with the intent to extort money from him, the government may show that the defendant, under an assumed name, brought an action against the person alleged in the indictment to have been threatened, by the testimony of the attorney of record for the plaintiff in that action, although he testifies that all the knowledge he has as to the identity of the plaintiff therein with the present defendant was acquired while acting as such attorney.

At the trial of an indictment for threatening to accuse a person "of having committed the crime of open and gross lewdness and lascivious behavior in the presence of" the defendant, with the intent of the defendant to extort money from him, there was evidence tending to show that the defendant had accused him of an act of grossly indecent and irregular indulgence of lust, involving the illegal use of force on the defendant's person, and had threatened to give

publicity to the pretended acts unless he was paid money; and that, among other threats, the defendant used the following language: " Give me five hundred dollars, or I'll put this thing in court." " If you don't go and see my lawyer before five o'clock, you will be arrested." *Held,* upon a bill of exceptions which did not set forth all the evidence, that there was no variance between the allegations and the proof. ·

INDICTMENT in six counts. The first count alleged that the defendant, on October 10, 1882, at Boston, threatened to accuse a person named " of having committed the crime of open and gross lewdness and lascivious behavior in the presence of " the defendant, with the intent of the defendant to extort from the person named, a certain sum of money. The second count alleged that, at the same time and place, the defendant threatened to · accuse said person of having committed the crime of assault and battery upon the defendant, with the same intent alleged in the first count. The third and fifth counts were similar to the first, except the name of the person threatened and the amount intended to be extorted; and the fourth and sixth counts were similar to the second, with the same exceptions.

Trial in the Superior Court, before *Mason,* J., who allowed a bill of exceptions, in substance as follows :

When the defendant was placed at the bar for trial, the clerk proceeded to empanel the jury in the following manner: the names of the persons summoned were written on cards like that printed in the margin,* and were deposited in a revolving barrel or box, each card containing one name; and this box was whirled back and forth each time a name was drawn out. Before any names were drawn therefrom, the defendant objected to the jury being empanelled in this way, because it was not in accordance with the Pub. Sts. *c.* 170, § 31, the thing used not being a box, the name of each person summoned as a juror not being placed in a box, and all shaken thoroughly together, and the written description on each card of the juror's abode

---

*

| Thos. Fay. |
|---|
| 1004 Tremont St. |
| Liquors. |

and occupation being insufficient. The judge overruled the objection ; and the defendant excepted.

The government contended that the defendant, under the name of Herbert J. Brown, brought a civil action against one of the persons named in the indictment, in connection with the alleged verbal threats to extort money; and, in order to identify the defendant as the plaintiff in that action, called the attorney of record for the plaintiff therein as a witness.

The defendant objected to the witness being allowed to testify to any facts which came to his knowledge as his counsel or attorney. The witness testified that he was an attorney, and that all the knowledge he had in the matter came to him while acting in the relation of attorney and counsel for the defendant. The witness was permitted to testify, against the defendant's objection, that he was the attorney for the plaintiff in the action brought by the defendant against said person ; that the action was brought in the name of Herbert J. Brown ; that the papers produced were the original papers in said action, and that the writ and declaration were in the handwriting of the witness.

Certain interrogatories filed in said action, purporting to be signed by Herbert J. Brown and sworn to before a justice of the peace, were produced, and the witness was asked if the signer of those interrogatories was the defendant; to which the witness, against the objection of the defendant, answered Yes. The justice of the peace also testified that the defendant, at the time he administered the oath, acknowledged, in the presence of his attorney, that the signature was his. To the admission of the testimony of the attorney, the defendant excepted.

There was evidence tending to show that the defendant had orally pretended to accuse each of the three persons named in the indictment of an act of grossly indecent and irregular indulgence of lust, involving the illegal use of force on the defendant's person ; and that the defendant had demanded money from each of said persons, coupling such demands with intimations and insinuations, in various forms, that, unless money was furnished as demanded, publicity would be given to said pretended acts.

There was evidence that one of the defendant's demands on the person named in the first and second counts of the indictment

was in substance as follows: " Do you know me? I have got your watch; your name and mine are on the books at the Creighton House, and if you don't give me one hundred and twenty-five dollars, I will make this town too hot to hold you." Also that he demanded of the person named in the third and fourth counts five hundred dollars, saying in substance: " If I were to tell what I know about you, you would give it to me damned quick. I can make it bad enough. I will ruin you and break you up." At another time: " Give me five hundred dollars, or I'll put this thing in court." And at another time: " I am not going to settle with you for five hundred dollars. I know more of you than I did before; you are a rich man, and have got to come down." Also that the defendant said to the person named in the fifth and sixth counts: " If you don't pay me fifty dollars, I will expose you." At another time: " If you don't go and see my lawyer before five o'clock you will be arrested;" but the evidence did not show that at any time there was a distinct threat, which by itself alone, apart from what had previously been said between the parties, and from what was afterwards said between them, set forth in terms a purpose to charge either of the offences named in the indictment.

The defendant asked the judge to rule that there was a variance between the threats proved and the allegations in the indictment. The judge refused so to rule, and instructed the jury that it was necessary on each count for the government to prove that there was a verbal threat to accuse the person named with the offence stated in such count; that proof of a threat to accuse of any other crime than that named in the count would not sustain the count; but that the threat need not have contained a full description of the offence to be charged; that it was sufficient if the language, used in the light of what preceded and what followed between the parties, imported a threat to charge the crime alleged, and was so understood by the parties. To the refusal to rule, and to the instruction given, the defendant excepted. The jury returned a verdict of guilty on the first, third, and fifth counts, and a verdict of not guilty on the second, fourth, and sixth counts; and the defendant alleged exceptions.

*T. Riley*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

HOLMES, J.    The provisions of the Pub. Sts. *c.* 170, § 31, as to empanelling the jury, were sufficiently complied with. The street and number of the house where each juryman resided were written on the cards, and we think that this was enough to point out his place of residence with practical certainty in the county of Suffolk.  "Liquors" set against the name of one of the jurymen was a perfectly intelligible indication of his occupation.    The cards were shaken together, before being drawn, in a revolving barrel.    A barrel is a "box" within the purpose and requirement of the statute.

The attorney did not testify to any confidential communication, but simply to a public fact, — that a certain proper name designated a certain person.    If proper names perfectly fulfilled their function, no testimony would be necessary, as the name would of itself identify the individual.    A proper name, whether real or assumed, always purports to mean one person and no other, and theoretically the name of the plaintiff in the action, which was a public fact, carried with it an identification of the party using it, and made that also public.    Hence, although it so happens that the attorney would not actually have known what he testified to but for his employment, his employment cannot be regarded as the legal ground of his knowledge, and the defendant could not object to the disclosure. Bull. N. P. 284.

With regard to the alleged variance, it appears that there was evidence that the defendant had accused each of the parties named in the indictment "of an act of grossly indecent and irregular indulgence of lust, involving the illegal use of force on the defendant's person," and had threatened to give publicity to the pretended acts unless he was paid off.    To one of the parties he made the further threat to " put this thing in court." To another, "If you don't go and see my lawyer before five o'clock, you will be arrested."    It is true that the accusations did not state the specific offence charged with the precision of pleading, but they were broad enough to be reasonably understood to embrace the offence set forth in the indictment, and that is sufficient.    Any other interpretation of the statute would make it nugatory, in the same way that the law of slander was

made nugatory two hundred years ago. *Commonwealth* v. *Murphy*, 12 Allen, 449. So as to the threats of prosecution. They did not refer in terms to the criminal courts, but they might reasonably have been understood to embrace criminal prosecution, and the jury might properly find that they purported to do so, and that they had reference to the charges previously made. *Commonwealth* v. *Goodwin*, 122 Mass. 19. Furthermore, it does not appear that the exceptions set forth all the evidence. On the contrary, we gather that they do not. The statement that " there was evidence that one of the defendant's demands on the party named in the first and second counts was as follows," imports that there were other demands proved which are not stated. So the statement of the accusations is in terms which necessarily import that the evidence was more specific, and which leave it open whether there was not other evidence not referred to.                              *Exceptions overruled.*