COMMONWEALTH *vs.* SIMON ALEXANDER.

Suffolk.   November 16, 1903. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Lord's Day.   Statute.   Words,* "Proceeds."

Under R. L. c. 98, § 2, a religious or charitable society lawfully may give a public vaudeville entertainment on the Lord's day if the excess of the receipts over the expenses is to be devoted exclusively to a charitable or religious purpose, the word "proceeds" as used in the statute meaning the net returns of the entertainment after the payment of necessary expenses.
Criminal statutes are to be construed strictly and cannot be enlarged by implication.

KNOWLTON, C. J.   This is a criminal complaint brought under R. L. c. 98, § 2, for a violation of the statute in relation to the observance of the Lord's day. This section is as follows: " Whoever, on the Lord's day, keeps open his shop, warehouse or workhouse, or does any manner of labor, business or work, except works of necessity and charity, or takes part in any

sport, game, play or public diversion, except a concert of sacred music or an entertainment given by a religious or charitable society the proceeds of which, if any, are to be devoted exclusively to a charitable or religious purpose, shall be punished by a fine of not more than fifty dollars for each offence; and the proprietor, manager or person in charge of such game, sport, play or public diversion, except as aforesaid, shall be punished by a fine of not less than fifty nor more than five hundred dollars for each offence."

The Congregation Beth Israel is a corporation organized under general laws for religious purposes, and having its place of worship in Cambridge. Its purpose according to its charter is " the establishment and maintenance of a synagogue for the public worship of God in accordance with the principles and doctrines of the Hebraic religion, and for such other charitable, benevolent and religious objects as the corporation may from time to time deem advisable." The corporation received a license from the selectmen of Revere " to conduct a charitable entertainment at Crescent Garden, Boulevard, on Sunday afternoon and evening, August 9, 1903." A committee of four members was appointed by vote of the corporation, to take charge of the entertainment, and the defendant was made chairman of the committee. On this Sunday the defendant was in charge of the entertainment which was given under the auspices of the corporation, and which consisted of songs, and other features commonly known as vaudeville. The public was admitted to the entertainment, an admission fee was charged, and the total receipts were taken by the committee. Incidental expenses for the performers, lights, attendance and other things were paid by the committee, and the balance was retained and paid to the corporation.

Upon these facts the defendant asked the judge to rule that he was entitled to an acquittal as matter of law, and the question before us arises upon the refusal of the judge to give this ruling.

The only charge in the complaint is that the defendant " was the person in charge of a certain public diversion, to wit, a theatrical performance given on said day," etc. The statute above quoted is the only one which he is charged with having

violated. The only question is whether he was within the exception. The report states that this was an entertainment given by the religious society referred to. It is not contended, and it cannot successfully be contended, that the corporation is not a religious society within the meaning of the exception. According to the terms of its charter, it is both a religious and charitable society, and if it is either, it is within the language of the exception. The balance of receipts above expenses was paid over to the corporation which gave the entertainment, and the only proper inference is that it was to be devoted exclusively to the purposes of the corporation, which were religious and charitable. The district attorney in his brief says: " It is not contended, however, by the Commonwealth that in the case at bar the intent of the defendant was other than to devote the surplus to a religious purpose, to wit: the purposes of the church which he represented."

The principal argument for the Commonwealth is that the term " proceeds" in the statute means the entire gross receipts, and that the exception cannot avail a religious or charitable society in any case where any part of the money received, however small, is used for the payment of any expense incidental to the entertainment. We think that this is too narrow a construction of the statute, and that if adopted it would defeat the purpose of the Legislature in reference to such societies. Probably there is hardly any entertainment given by a religious or charitable society in which there is not some payment for expenses. We think the meaning of the word " proceeds" is that which finally results or proceeds from the entertainment, taking into account not only that which is received, but that which is incidentally and properly paid out. The proceeds are the net returns after the payment of necessary expenses.

The proof shows that the defendant is within the exception of the statute in every particular. Management of an entertainment, such as is referred to in the exception, does not subject a person to punishment. There is no statute that makes a manager of such an entertainment an offender. This is a criminal law, and criminal statutes are to be construed strictly. The court cannot extend or enlarge a statute to create an offence which is not created by the language of the enactment.

Doubtless the Legislature did not intend to open a door for the giving of theatrical performances for the diversion of the public on the Lord's day. Probably no one thought it possible that a religious or charitable society would give such an entertainment to obtain money for a charitable or religious use. It was doubtless supposed that the provisions adopted in the exception were a sufficient safeguard against the giving of improper entertainments on Sunday. So the statute excepts all entertainments given by a religious or charitable society, the proceeds of which are to be devoted exclusively to a charitable or religious purpose. There may be religious or charitable societies that do not object to an entertainment of vaudeville on secular days, if they object to them on holy days. There may be religious societies according to whose belief and observance Sunday is a secular day. Persons of such a belief are referred to in R. L. c. 98, § 4.

The exception which we have been discussing, and which is referred to again in similar language in R. L. c. 98, § 5, and c. 102, § 172, was not stated in terms sufficiently guarded to accomplish the probable purpose of the Legislature. But this does not enable the court to amend the statute by declaring that certain kinds of entertainments may be given, and that certain others are prohibited. The remedy, if any is needed, must come from the Legislature. In the opinion of a majority of the court the entry must be

*Verdict set aside.*

The case was submitted on briefs at the sitting of the court in November, 1903, and afterwards was submitted on briefs to all the justices.

*J. P. Leahy,* for the defendant.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.