COMMONWEALTH *vs.* ETTORO PELLIGRINI.

SAME *vs.* SAME.

Middlesex. May 10, 1933. — June 26, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Extortion. Pleading, Criminal,* Indictment.

An indictment, charging that the defendant "by a written or printed communication, did maliciously threaten an injury to the person or property of another with intent thereby to extort money from" a named person, is sufficient under G. L. (Ter. Ed.) c. 265, § 25, although the name of the individual whose person or property is threatened is not set out.

Evidence, at the trial of the indictment above described, that letters in a foreign language, addressed without name to a number on a street identified by an interpreter as being *idem sonans* with the street upon which, at that number, lived the individual named in the indictment as the person from whom the extortion was attempted, and containing threats of injury to the person or family of the addressee unless money was placed at a certain place, together with evidence connecting the defendant with the sending of the letters and with seeking money at the place designated therein, warranted conviction.

Two INDICTMENTS, found and returned on June 8, 1932, and described in the opinion.

The defendant having waived trial by jury, the indictments were heard together by *T. J. Hammond*, J. Besides the evidence described in the opinion, there was evidence that the letters mentioned therein contained threats in substance that, unless the addressee of the letters placed a stated sum of money at a certain place, "we will do to you as they did to the son of Mr. Lindbergh . . . or else we will torture all the family"; and also evidence that, at the time stated in the letters, the defendant went to the place therein designated and took therefrom packages left there by the police; and evidence that the defendant's handwriting was the same as that in the letters.

The defendant was found guilty, appealed, and assigned as errors in substance that the judge "upon the evidence, ruled that under the indictment that an offence had been proven by the Commonwealth" and denied a motion by the defendant that he "rule that no offence has been proven by the Commonwealth under this indictment."

The cases were submitted on briefs.

*G. J. Tauro & E. C. Jacobs*, for the defendant.

*W. L. Bishop*, District Attorney, *& W. G. Andrew*, Assistant District Attorney, for the Commonwealth.

WAIT, J. Section 25 of G. L. (Ter. Ed.) c. 265, so far as here material, enacts that "Whoever, verbally or by a written or printed communication . . . maliciously threatens an injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage, or with intent to compel the person so threatened to

do any act against his will, shall be punished . . . ." The defendant, after waiving jury trial pursuant to St. 1929, c. 185, was found guilty upon an indictment which charged that on May 11, 1932, at Newton, he "by a written or printed communication, did maliciously threaten an injury to the person or property of another with intent thereby to extort money from Frederic H. Kennard"; and upon another indictment, tried at the same time, which charged in similar words at Newton on May 11, 1932, a similar offence with intent to extort money from Leslie D. Hawkridge. No motion to quash was filed. At the close of the case for the prosecution the defendant's requests for rulings that no offence had been proved under the indictments were denied. The judge ruled that offences had been proved and found the defendant guilty in both cases.

The defendant contends that the name of the person threatened is essential to the identity of the offence denounced by G. L. (Ter. Ed.) c. 265, § 25; that it must be proved as set forth; and that there was no evidence from which it could be found that any threat was made against Hawkridge or Kennard as alleged. Letters written in Italian demanding money, directing how it be delivered and threatening harm both to person and property, were put in evidence. They bore date, two May 1, 1932, and two May 9, 1932. One of May 1 began "Illustri S. Canardo." The others were without introductory address. They were enclosed in envelopes, also in evidence, which bore postmarks, two "Boston, Mass. E 11:30 P M May 1, 1932" and two "Boston, Mass. A 10– P M May 9, 1932." One of those postmarked May 1 was addressed: "*Mr.* N. 230 doteli rott nuten Centre mass."; the other was addressed "*m.* N 246, doteli rott nuten Centre mass." Upon these envelopes was a stamp of the post office department "Unknown at Newton Center, Mass.," and written in pencil "Dudley Rd.," which counsel agreed were placed there by post office officials. One of the envelopes postmarked May 9 bore on its face "direttamente at N. 230 doteli rott neuten Sentre mass."; the other "M. Canarde N. 246. Doteli rott neuten Sentre mass." They also bore in pencil

"Try 230 Dudley Rd." and "Try Dudley Rd.," placed there, it was agreed, by the postal officials. Leslie D. Hawkridge with his family (a wife and three children of full age) lived at 230 Dudley Road, Newton. Whether other persons also lived in the house does not appear. So far as he knew he had never seen or known the defendant. He received the letter postmarked May 9 and addressed to 230 doteli rott, on May 11, 1932, and that marked May 1, on May 12, 1932, by postal mail delivery at 230 Dudley Road, Newton. He consulted the police, and coöperated in action which led to the defendant's arrest. Frederic H. Kennard with his family (a wife and five grown children) lived at 246 Dudley Road. He received one of the letters postmarked May 9, on May 11 at 246 Dudley Road, Newton Centre, by postal delivery; and saw the letter postmarked May 1, on May 12, 1932, at the police station in Newton whither it had been taken by his son after postal delivery at 246 Dudley Road in his absence. He also coöperated in the action resulting in the arrest.

There was evidence from an interpreter of Italian with regard to the sounds of the letters. The judge was justified in finding, as he did, that Doteli rott and Dudley Road are *idem sonans*, and that the words "doteli rott" on the envelopes were intended and meant for "Dudley Road."

The essential factors which constitute the crime alleged are, as stated in *Commonwealth* v. *Snow*, 269 Mass. 598, 608, "(1) a malicious threat (2) made to a named person (3) of personal injury to some one (4) with intent to extort money," and, as was there pointed out, the statute requires simply that the person threatened be "another," so that a charge in the words of the statute is sufficient. If a name is desired it may be obtained by request for specification. *Commonwealth* v. *Pentz*, 247 Mass. 500, 507. No such request was filed. In *Commonwealth* v. *Buckley*, 145 Mass. 181, a threat to Frank E. White was alleged in the indictment, and it was held that proof of a threat to Frank A. White failed to establish proof, since the initial was part of the name and could not be treated as surplusage. That decision is not controlling here, where the allegation was of

threat to "another" and the evidence supported a threat to some one other than the defendant. *Commonwealth* v. *Mehan,* 11 Gray, 321, cited by the defendant, goes no further.

Here we think the evidence set out would justify the judge in finding that the letters were intended for any person living at the place of address, preferably the head of the family living there; were intended to make the threats contained in them to such person living at the place of address as received them in due course of the mail; and were intended to extort money from that person whoever he might be. As the persons so receiving them could be found to be Hawkridge and Kennard, we think the allegations of the indictments were justified, and that the proof sustained them. There could properly be found, in fact, malicious threats in writing of injury to the persons and families of Hawkridge and Kennard made to them with intent to extort money from them.

The reasoning of *Commonwealth* v. *Snow,* 269 Mass. 598, is in accord with this result.

*Judgment affirmed.*