COMMONWEALTH *vs.* JOHN E. MOREAU. November 30, 1973. The defendant was tried on two indictments, one charging extortion, the other larceny, and assigns as error the action of the trial judge in denying motions for directed verdicts on both charges. The jury could have found that over a period of ten years the defendant made a series of threats to one Anthony Thonis, as a result of which he received weekly payments from Thonis. This states the elements of the crime as they are delineated in G. L. c. 265, § 25, as amended. See *Commonwealth* v. *Snow,* 269 Mass. 598, 608 (1930); *Commonwealth* v. *Pelligrini,* 283 Mass. 300, 303 (1933); *Commonwealth* v. *De Vincent,* 358 Mass. 592, 595 (1971). On the larceny charge, there was evidence of the transfer of money to the defendant based on false statements and promises which he made to one Kelley. There was a showing that the defendant made a false statement of fact, viz., an intention to assist Kelley to attain a position in a social organization, known by him to be false, with the intent that Kelley should rely on its truth and as a

result transfer money to the defendant. See *Commonwealth* v. *Green,* 326 Mass. 344, 348 (1950), and cases cited. There was no error.

*Judgments affirmed.*

*Robert V. Greco* for the defendant.

*Terence M. Troyer,* Assistant District Attorney, for the Commonwealth.

