COMMONWEALTH *vs.* GEORGE WRIGHT. July 29, 1977. The defendant appeals pursuant to G. L. c. 278, §§ 33A-33G, from a conviction of larceny of property valued in excess of $100. G. L. c. 266, § 30, as amended through St. 1968, c. 737, § 10. Section 30 "provides that '[w]hoever steals, or with intent to defraud obtains by a false pretense ... the property of another,' shall be guilty of larceny." *Commonwealth* v. *Leonard,* 352 Mass. 636, 644 (1967). See *Commonwealth* v. *Camelio,* 1 Mass. App. Ct. 296, 299-300 (1973). 1. The defendant assigns as error the action of the trial judge in denying his motion for a directed verdict presented at the close of the Commonwealth's case. There was evidence from which the jury could have found that the defendant entered into a contract to provide the victim with a mobile home and did not intend to fulfil the contract. Such an action would constitute a false representation. *Commonwealth* v. *Morrison,* 252 Mass. 116, 122 (1925). Compare *Commonwealth* v. *Anthony,* 306 Mass. 470, 480-481 (1940). The jury could further have found that, at the time the contract was entered into, the defendant stated that he would need the money before he could order the mobile home and that the victim, re-

Rescript Opinions.

lying upon the defendant's representation, made two payments to the defendant totalling $7,139. The jury could reasonably have inferred from the evidence that the defendant's representations were untrue and that the defendant intended that the victim part with his personal property in reliance upon these representations. See *Commonwealth* v. *Green,* 326 Mass. 344, 348 (1950). The victim never received a mobile home. Contrast *Commonwealth* v. *Louis Constr. Co. Inc.* 343 Mass. 600, 605 (1962). We view the evidence presented by the Commonwealth in the aspect most favorable to it. *Commonwealth* v. *Flynn,* 362 Mass. 455, 479 (1972). *Commonwealth* v. *Scanlon,* 373 Mass. 11, 19 (1977), and cases cited. *Commonwealth* v. *Gray, ante,* 296, 298 (1977), and cases cited. The judge did not err in refusing to direct a verdict for the defendant. *Commonwealth* v. *Green,* 326 Mass. at 347-348. *Commonwealth* v. *Barrasso,* 342 Mass. 680, 683 (1961). *Commonwealth* v. *Kiernan,* 348 Mass. 29, 46-48 (1964), cert. den. sub nom. *Gordon* v. *Massachusetts,* 380 U. S. 913 (1965). *Commonwealth* v. *Moreau,* 364 Mass. 829 (1973). 2. The defendant requested that the judge charge the jury to the effect that, if the defendant lost the victim's money because of poor business practices, the defendant would not be guilty of larceny. The judge did not err as there was no evidence introduced which would negate fraudulent intent. See *First Natl. Bank* v. *Mathey,* 308 Mass. 108, 115 (1941); *Commonwealth* v. *Noxon,* 319 Mass. 495, 548 (1946). Moreover, the judge adequately instructed the jury on this issue by explaining to them that they could not convict the defendant unless they were convinced beyond a reasonable doubt that the defendant at the time he entered into the transaction took the victim's money with the intent not to order or deliver the mobile home, or otherwise comply with the contract terms.

*Judgment affirmed.*

*Patricia A. O'Neill* for the defendant.
*Roberta Thomas Brown,* Legal Assistant to the District Attorney, for the Commonwealth.