COMMONWEALTH vs. CALVIN D. MILLER.

Suffolk. December 9, 1981. — March 8, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

Rape. Extortion. Statute, Construction.

At the trial of an indictment charging the defendant with unlawfully hav-
ing sexual intercourse with a child under sixteen years of age, G. L.
c. 265, § 23, the judge did not err in refusing to instruct the jury that
reasonable mistake as to age is a defense to statutory rape. [522-525]
A threatened injury to the reputation of a fifteen year old girl constituted
"an injury to someone's person or property" within the meaning of the
extortion statute, G. L. c. 265, § 25. [525-528]

INDICTMENTS found and returned in the Superior Court
Department, eight on September 17, 1979, and one on Oc-
tober 12, 1979.

The cases were tried before Garrity, J.

The Supreme Judicial Court granted a request for direct
appellate review.

Patricia A. O'Neill for the defendant.

Michael J. Traft, Assistant District Attorney (Robin
Pearl, Legal Assistant to the District Attorney, with him)
for the Commonwealth.

NOLAN, J.  On September 17, 1979, numerous indict-
ments were returned against the defendant, Calvin D.
Miller, charging him with unlawfully having "sexual inter-
course or unnatural sexual intercourse" with a child under
sixteen years of age (G. L. c. 265, § 23), open and gross
lewdness, extortion, and larceny.  After a jury trial, the de-
fendant was found guilty of six violations of G. L. c. 265,
§ 23, and three violations of the extortion statute.  This
court granted the defendant's application for direct appel-
late review.  On appeal, the defendant asserts error in (1) the

trial judge's failure to instruct the jury that reasonable mistake as to age is a defense to statutory rape, and (2) the denial of the defendant's motion for a directed verdict on the extortion indictments. We find no error and affirm.

1. *Rape of a child.* The offense of statutory rape, G. L. c. 265, § 23, may be committed with or without any knowledge on the defendant's part of the age of the victim. *Commonwealth* v. *Moore,* 359 Mass. 509, 514 (1971). The only elements the Commonwealth must prove are (1) sexual intercourse or unnatural sexual intercourse, with (2) a child under sixteen years of age. It is undisputed that at the times of the alleged offenses the child was only fifteen years old. The defendant admitted in his testimony that he had sexual relations with her on "any number" of occasions. Therefore, there was evidence from which the jury could find that the defendant had committed the crimes.

The defendant argues that the trial judge should have recognized as a defense to statutory rape the possibility that the accused reasonably, although mistakenly, believed that the victim was sixteen years of age or older. The defendant testified that the victim had an identification and claimed to be seventeen.

The defendant requested and the judge refused to instruct the jury that if the defendant reasonably, although mistakenly, believed the victim was sixteen years of age or older, this belief is a complete defense to the charge of statutory rape. It is on the refusal of the judge so to instruct that the defendant bases his claim of error. There was no error.

It has long been the law of this Commonwealth that it is no defense that the defendant did not know that the victim was under the statutory age of consent. Further, it is immaterial that the defendant reasonably believed that the victim was sixteen years of age or older or that he may have attempted to ascertain her age. *Commonwealth* v. *Moore,* 359 Mass. 509, 514 (1971). *Commonwealth* v. *Murphy,* 165 Mass. 66, 70 (1895). Most other jurisdictions subscribe to this view. See *State* v. *Superior Court,* 104 Ariz. 440 (1969); *State* v. *Silva,* 53 Haw. 232 (1971); *Toliver* v. *State,*

267 Ind. 575 (1978); *State* v. *Moore,* 105 N.J. Super. 567 (1969); *State* v. *Randolph,* 12 Wash. App. 138 (1974). But see *People* v. *Hernandez,* 61 Cal. 2d 529 (1964); *State* v. *Guest,* 583 P.2d 836 (Alas. 1978).

The defendant argues that the crime of statutory rape had its origin in the common law. 3 Edw. I, Stat. Westmin., 1, c. 13 (1275). As such, continues the defendant, the Commonwealth's statute defining the crime must be presumed to include an element of intent absent a clear legislative direction to the contrary. See *United States* v. *United States Gypsum Co.,* 438 U.S. 422, 436-437 (1978); *Morissette* v. *United States,* 342 U.S. 246, 263 (1952). We are urged, then, to hold that the mere omission from G. L. c. 265, § 23, of any mention of intent should not be construed as eliminating that element from the statutory crime of rape of a child.

The defendant's argument fails when it encounters a basic rule of statutory construction. In 1966, the Legislature enacted an amendment to G. L. c. 265, § 23.[1] In *Commonwealth* v. *Moore,* 359 Mass. 509, 514 (1971), the last case in which this court considered the issue whether intent need be an element of the crime of rape of a child, we held that "a mistake of fact did not avail the defendant." In 1974, the Legislature further amended G. L. c. 265, § 23.[2]

---

[1] General Laws c. 265, § 23, as appearing in St. 1966, c. 291, provided: "Whoever unlawfully and carnally knows and abuses a female child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in any other penal institution in the commonwealth, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."

[2] General Laws c. 265, § 23, as appearing in St. 1974, c. 474, § 3, provides: "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in a jail or house of correction, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."

The 1974 amendment redefined an element of the crime[3] and deleted the word "female" from before "child." Within the context of this appeal, these changes are not material. "It is a well settled rule of statutory interpretation that, when a statute after having been construed by the courts is reenacted without material change, the Legislature are presumed to have adopted the judicial construction put upon it." *Bursey's Case*, 325 Mass. 702, 706 (1950), quoting from *Nichols* v. *Vaughan*, 217 Mass. 548, 551 (1914). We hold that, upon reenactment, the legislative silence on the issue of intent or mistake is sufficient to show that the Legislature intended to exclude mistaken belief as to the age of the victim as a defense to the crime.

While the "existence of a *mens rea* is the rule of, rather than the exception to, the principles of Anglo-American jurisprudence," *Dennis* v. *United States*, 341 U.S. 494, 500 (1951), it is just that — a general principle, not always a constitutionally mandated doctrine. States may "create strict criminal liabilities by defining criminal offenses without any element of scienter."[4] *Smith* v. *California*, 361 U.S. 147, 150 (1959). *Lambert* v. *California*, 355 U.S. 225, 228 (1957).

The United States Supreme Court has never held that mistake of fact is a defense to a charge of statutory rape. In the crime of bigamy, which for these purposes is not unlike statutory rape, there is strict liability if one or both of the parties is not free to marry. This view is constitutionally sanctioned. "The legitimate finding of the North Carolina Supreme Court that the petitioners were not in truth domiciled in Nevada was not a contingency against which the petitioners were protected by anything in the Constitution of the United States. . . . The objection that punishment of a person for an act as a crime when ignorant of the facts

---

[3] "Carnally knows" was changed to "sexual intercourse or unnatural sexual intercourse."

[4] The defendant cites to Blackstone's saying that "a vicious will" is necessary to constitute a crime. 4 W. Blackstone, Commentaries *21. This has been specifically rejected by the Supreme Court in *Lambert* v. *California*, 355 U.S. 225, 228 (1957).

making it so, involves a denial of due process of law has more than once been overruled. In vindicating its public policy and particularly one so important as that bearing upon the integrity of family life, a State in punishing particular acts may provide that 'he who shall do them shall do them at his peril and will not be heard to plead in defense good faith or ignorance.' *United States* v. *Balint,* 258 U.S. 250, 252 [1922]." *Williams* v. *North Carolina,* 325 U.S. 226, 238 (1945).

Likewise, mistake of fact will not avail the defendant here. Strict criminal liability is not necessarily a denial of due process of law, and in the case of statutory rape it is not. *Commonwealth* v. *Moore,* 359 Mass. 509, 515 (1971). *Nelson* v. *Moriarty,* 484 F.2d 1034 (1st Cir. 1973).

The defendant argues that it would be realistic to accept the view that a reasonable mistake of age should be a valid defense to a charge of statutory rape. See *People* v. *Doyle,* 16 Mich. App. 242, 243 (1969). This argument should be addressed to the Legislature.[5]

2. *Extortion.* The Commonwealth introduced evidence of two threats by the defendant. One was to expose his sexual relationship with the victim to her parents and the other was to circulate in her neighborhood pictures of her in a posture of dishabille unless she gave him money. The defendant argues that neither of these threats brings his behavior within the extortion statute, G. L. c. 265, § 25,[6] and

---

[5] Several States have adopted, by legislation, the defense of reasonable mistake as to age in a statutory rape prosecution. See, e.g., Ark. Stat. Ann. § 41-1802(3) (1977); Mont. Rev. Codes Ann. § 45-5-506(1) (1981); Wash. Rev. Code § 9A.44.030(2) (1981). See also Annot., 8 A.L.R.3d 1100 (1966).

[6] General Laws c. 265, § 25, as amended by St. 1953, c. 294, provides: "Whoever, verbally or by a written or printed communication, maliciously threatens to accuse another of a crime or offence, or by a verbal or written or printed communication maliciously threatens an injury to the person or property of another, or any police officer or person having the powers of a police officer, or any officer, or employee of any licensing authority who verbally or by written or printed communication maliciously and unlawfully uses or threatens to use against another the power or

that therefore the judge should have allowed his motion for a directed verdict on the extortion indictments. We do not agree.

The elements of the crime are (1) a malicious threat (2) made to a named person (3) to accuse someone of a crime or to injure someone's person or property (4) with intent to extort money. *Commonwealth* v. *DeVincent*, 358 Mass. 592, 595 (1971), quoting from *Commonwealth* v. *Snow*, 269 Mass. 598, 608 (1930). *Commonwealth* v. *Pelligrini*, 283 Mass. 300, 303 (1933). *Commonwealth* v. *Corcoran*, 252 Mass. 465, 483-484 (1925). The defendant maintains that there was no evidence that he threatened to accuse anyone of a crime or to injure anyone's person or property.

Neither of these threats amounts to a threat to accuse another of a crime. The Commonwealth presented no evidence that the victim may have reasonably understood the threats "to embrace criminal prosecution." See *Commonwealth* v. *Bacon*, 135 Mass. 521, 525-526 (1883). Nor did the defendant threaten to go to a prosecuting or police authority. See *Commonwealth* v. *Corcoran*, *supra* at 478-481; *Commonwealth* v. *Dorus*, 108 Mass. 488 (1871). In fact, no threat to accuse another of a crime was ever made.

We turn to the other type of threat embraced in the statute — injury to another's person or property. The Commonwealth argues that, as a result of publication of her sexual activities and the photograph of her, the victim would have suffered a blow to her reputation of such magnitude as to cause her severe mental anguish which would constitute injury to the person. We agree.

In construing a predecessor to G. L. c. 265, § 25, this court held that a "threat to injure the person of another

authority vested in him, with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will, shall be punished by imprisonment in the state prison for not more than fifteen years, or in the house of correction for not more than two and one half years, or by a fine of not more than five thousand dollars, or both."

naturally means a threat to use actual physical force upon the person of another." *Commonwealth* v. *Mosby,* 163 Mass. 291, 294 (1895). Similarly, several jurisdictions have held that a threat to expose another to disgrace and to injure his reputation was not a threat of "injury to the person or property of another" which was made unlawful by a State extortion statute. See, e.g., *State* v. *Simmons,* 114 R.I. 16 (1974); *Schultz* v. *State,* 135 Wis. 644 (1908); Annot., 74 A.L.R.3d 1255 (1976); Note, A Rationale of the Law of Aggravated Theft, 54 Colum. L. Rev. 84, 89 (1954).

We do not find the logic of those cases compelling. We have long recognized that the "unjustifiable publication of a libel might naturally cause suffering in one's feelings quite as poignant as physical pain and pecuniary loss through injury to one's reputation fully as severe as the loss of a limb." *Ellis* v. *Brockton Publishing Co.,* 198 Mass. 538, 543 (1908). Cf. *Cohen* v. *New York Times Co.,* 153 App. Div. 242, 244 (N.Y. 1912) ("Reputation is a sort of right to enjoy the good opinion of others, and is as capable of growth, and has as real an existence, as an arm or leg. It is a personal right, and an injury to reputation . . . is a personal injury . . .").

Blackstone divided the right of personal security into protection to life, limb, body, health, and reputation. 3 W. Blackstone, Commentaries *119. Commenting upon Blackstone, the Georgia Supreme Court stated that if "the right to personal security includes reputation, then reputation is a part of the person, and an injury to the reputation is an injury to the person." *Johnson* v. *Bradstreet Co.,* 87 Ga. 79, 81 (1891). The cases immediately above define reputation in the context of libel cases. Logic permits, if it does not require us, however, to construe "injury to the person" in the context of the extortion statute in the same way in which we construe it under tort law. Notwithstanding the general admonition to construe criminal statutes strictly, *Commonwealth* v. *Alexander,* 185 Mass. 551, 553 (1904), we hold that the emphasis in the crime of extortion is on the wrongful use of fear to compel the victim to surrender something of value to the extortionist. See *People* v. *Good-*

man, 159 Cal. App. 2d 54, 61 (1958). Simply stated, an injury to a person's reputation is an injury to the person. If there is any language in *Commonwealth* v. *Mosby, supra,* to the contrary, we choose not to follow it.

*Judgments affirmed.*