COMMONWEALTH *vs.* ANDRE T. KNAP.

Hampshire. February 5, 1992. - May 29, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Rape. Mistake. Identification. Indecent Assault and Battery. Consent.
Practice, Criminal*, Instructions to jury. *Evidence*, Consciousness of
guilt.

At the trial of an indictment charging the defendant with rape of a child,
G. L. c. 265, § 23, and indecent assault and battery on a child under
the age of fourteen, G. L. c. 265, § 13B, the judge did not err in refus-
ing to instruct the jury that a reasonable mistake of fact as to identity
is a defense to charges of statutory rape and indecent assault and bat-
tery on a child. [714]

The crimes of statutory rape and indecent assault and battery on a child
under age fourteen are strict liability crimes. [714-715]

At a criminal trial in which there was evidence of both consciousness of
innocence and consciousness of guilt, the judge did not commit revers-
ible error when he instructed the jury only as to consciousness of guilt.
[715-717]

INDICTMENT found and returned in the Superior Court De-
partment on April 24, 1990.

The case was tried before *Daniel A. Ford*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Andrew Silverman*, Committee for Public Counsel Ser-
vices, for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the
Commonwealth.

LYNCH, J. Following a jury trial in the Superior Court, the
defendant was found guilty of rape of a child, G. L. c. 265,
§ 23 (1990 ed.), and indecent assault and battery on a child
under the age of fourteen, G. L. c. 265, § 13B (1990 ed.).
The defendant appeals claiming that the trial judge erred

when he refused to instruct the jury that a reasonable mistake of fact as to identity is a defense to charges of statutory rape and indecent assault and battery on a child.[1] He also claims that the judge committed reversible error by instructing the jury only as to consciousness of guilt, when there was evidence of both consciousness of innocence, as well as guilt. We allowed the defendant's application for direct appellate review, and we affirm the convictions.

The defendant testified that there was only one sexual episode between himself and the victim. One night in September of 1989, after he had taken his girl friend to work and returned home, he went to bed for a nap which was his usual custom. He was awakened by someone massaging him, and then felt a hand go between his legs. The bedroom was kept very dark. He assumed his girl friend was in bed with him. He responded by licking her breasts and "went between her legs" and "licked the outside of her vagina." He then realized that the person was not his girl friend. He jumped up and turned on the light and saw the babysitter, who was na-

---

[1]The requested instruction is as follows:

"If you are satisfied beyond a reasonable doubt that [the defendant] engaged in sexual intercourse or committed an indecent assault and battery or both as I have defined them to you, you must then determine whether he was aware that he was committing these acts upon [the victim]. It is the burden upon the Commonwealth to prove to you beyond a reasonable doubt that [the defendant] was not mistaken concerning this issue of identification. The burden of proof is not upon [the defendant] to prove that he was mistaken, if you find that he did commit any acts, but it is upon the. Commonwealth to prove beyond a reasonable doubt that he was not mistaken.

"So, if you find beyond a reasonable doubt that [the defendant] had sexual intercourse or committed an indecent assault and battery or both upon [the victim], but are not satisfied beyond a reasonable doubt that he was aware that he was doing these acts with [the victim] instead of with [his girl friend], then you must find him not guilty. If however you are satisfied beyond a reasonable doubt that he had sexual intercourse or committed an indecent assault and battery or both upon [the victim], and are also satisfied beyond a reasonable doubt that he was aware that he was committing these acts with [the victim] and not with [his girl friend], then you must find him guilty."

ked. He knew she was thirteen years old. He told her to get out of the bed.

The victim testified that they had had sexual relations for several months.

1. *Reasonable mistake of fact as to identity.* We have held that a reasonable mistake as to the age of the victim is not a defense to the crime of statutory rape. *Commonwealth* v. *Miller*, 385 Mass. 521, 522 (1982). The defendant argues that a reasonable mistake of fact as to identity, unlike a reasonable mistake of fact as to age, should be a defense to a charge of statutory rape and indecent assault and battery on a child under fourteen because if the facts were as the defendant believed, he would have committed no crime. We see no reason to differentiate between a mistake as to age, and a mistake as to identity. As we stated in *Miller, supra,* a "mistake of fact will not avail the defendant here. Strict criminal liability is not necessarily a denial of due process of law, and in the case of statutory rape it is not. The defendant argues that . . . a reasonable mistake . . . should be a valid defense to a charge of statutory rape. . . . This argument should be addressed to the Legislature."

2. *Strict liability.* The defendant argues that neither statutory rape nor indecent assault and battery on a child under fourteen are strict liability crimes. We pass over the question whether this issue is properly preserved merely by the defendant's objection to the judge's refusal to charge as requested. Statutory rape is a strict liability crime. *Commonwealth* v. *Miller, supra.* The only elements the Commonwealth must prove are (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age.

With respect to indecent assault and battery on a child, the Commonwealth must prove only (1) indecent assault and battery on (2) a child under the age of fourteen. In 1986 the Legislature amended G. L. c. 265, § 13B,[2] by eliminating

---

[2]In *Commonwealth* v. *Burke*, 390 Mass. 480 (1983), we interpreted G. L. c. 265, § 13B, as then amended, to require that nonconsent was "an

consent as a defense to the crime involving children under the age of fourteen, thus placing this offense in the same category as statutory rape. "While the 'existence of a *mens rea* is the rule of, rather than the exception to, the principle of Anglo-American jurisprudence,' *Dennis* v. *United States*, 341 U.S. 494, 500 (1951), it is just that — a general principle, not always a constitutionally mandated doctrine. States may 'create strict criminal liabilities by defining criminal offenses without any element of scienter.' *Smith* v. *California*, 361 U.S. 147, 150 (1959). *Lambert* v. *California*, 355 U.S. 225, 228 (1957)" (footnote omitted). *Commonwealth* v. *Miller*, *supra* at 524.

3. *Erroneous instructions.* The defendant argues that, where there was evidence of both consciousness of innocence and consciousness of guilt, the judge committed reversible error when he instructed the jury only as to consciousness of guilt. At a side bar conference, the judge, sua sponte, asked if an instruction on consciousness of guilt ought to be given. When the defendant indicated he wanted an instruction concerning consciousness of innocence, the judge suggested that was a matter for closing argument. The judge's instruction was as follows:

> "Now you have heard some evidence suggesting that the Defendant may have intentionally attempted to persuade witnesses from speaking about the events which gave rise to the indictment in this case. I'm not suggesting that that is the fact, because the facts are your

element to be proved by the Commonwealth in a prosecution for indecent assault and battery on a child, and that fourteen is not an age of consent. Further, we decline[d] to establish an age of consent; it [was] more appropriate for the Legislature to make that determination." *Id.* at 487-488. In other words, we determined "that consent is a defense to a charge of indecent assault and battery in the sense that it negates an element of the Commonwealth's case; it is not an affirmative defense." *Id.*

Shortly thereafter, the Legislature enacted St. 1986, c. 187, which amended G. L. c. 265, § 13B, by adding the following paragraph: "In a prosecution under this section, a child under the age of fourteen years shall be deemed incapable of consenting to any conduct of the defendant for which said defendant is being prosecuted."

domain. But there is some evidence to that effect, and I mention it only to illustrate the legal point involved.

"If the Commonwealth has proven that the defendant did intentionally attempt to persuade witnesses not to speak of these events, you may consider whether such actions indicate feelings of guilt by the defendant, and whether, in turn, such feelings of guilt might tend to show actual guilt on these charges. You are not required to draw such inferences, and you should not do so unless they appear to be reasonable in light of all the circumstances of this case.

"If you decide that such inferences are reasonable, it will be up to you to decide how much importance to give them. But you should always remember that there may be numerous reasons why an innocent person might do such things. Such conduct does not necessarily reflect feelings of guilt. Please also bear in mind that a person having feelings of guilt is not necessarily guilty in fact, for such feelings are sometimes found in innocent people.

"Finally, remember that standing alone, such evidence is never sufficient, by itself, to convict a person of a crime. You may not find the defendant guilty on such evidence alone, but you may consider it in your deliberations along with all the other evidence."

The defendant argues that the judge's instruction was one-sided and patently unfair amounting to an improper placing of the judicial thumb on the scales against the defendant. We disagree. The instruction was balanced and in accord with the principles enunciated in *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982).[3] See *Commonwealth* v. *Kozec*,

---

[3]In *Commonwealth* v. *Toney*, 385 Mass. 575, 583, 584 (1982), the defendant argued that the judge erred in his instructions to the jury on evidence of flight (which the defendant conceded was admissible to prove consciousness of guilt) by failing to bring to their attention the defendant's innocent explanation for the alleged flight. We stated that "[w]e do not think it necessary, as suggested by the defendant, that the judge bring to the attention of the jury the defendant's own innocent explanation for the

21 Mass. App. Ct. 355 (1985). As the judge suggested, consciousness of innocence was a matter more appropriately left to the defendant's closing argument.

*Judgments affirmed.*

---

alleged flight, although the judge may in his discretion do so." *Id.* at 585. We also stated that "[w]e think that a judge should instruct the jury (1) that they are not to convict a defendant on the basis of evidence of flight . . . alone. . . and (2) that they may, but need not, consider such evidence as one of the factors tending to prove the guilt of the defendant."