# State of Vermont v. Michael Frechette

[637 A.2d 1080]

No. 92-652

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 27, 1993

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Robert H. Anderson*, Colchester, for Defendant-Appellee.

**Allen, C.J.** The State of Vermont appeals the district court's dismissal of an information filed against defendant Michael Frechette for alleged violations of 13 V.S.A. §§ 2102, 2143(a). We affirm.

Defendant is a director of the Regular Veterans Association Post #1, Inc. (RVA), a not-for-profit organization. He operated bingo nights for the RVA on three separate occasions in November 1992, and paid nonmembers to assist in running the games. Games of chance are permitted under 13 V.S.A. § 2143(a), which provides an exception to the general prohibition against gam-

bling in Vermont established in § 2102.* Section 2143(a) reads, in relevant part: "Notwithstanding the provisions of this chapter, a nonprofit organization may organize and execute, and an individual may participate in, lotteries, raffles or other games of chance for the purpose of raising funds to be used in charitable undertakings." 13 V.S.A. § 2143(a). Intentional violation of § 2143(a) carries a mandatory criminal fine of up to $500, *id.* § 2143(e)(1), in addition to the criminal penalties established in § 2102. Defendant was charged with six counts of illegal gambling in violation of 13 V.S.A. §§ 2102 and 2143(a).

According to the State, the RVA exceeded the scope of its power to "organize and execute" under § 2143(a) by paying nonmembers for their assistance in operating the bingo games. Defendant moved to dismiss the charges, and the district court granted the motion. The court held § 2143(a) void for vagueness because the statute does not adequately distinguish between permissible and impermissible overhead expenses associated with the running of games by nonprofit organizations for charity. The court postponed entry of judgment pending this appeal.

At issue is whether § 2143(a) prohibits a nonprofit organization from paying nonmember employees to assist in running bingo operations. As a penal statute, § 2143(a) must be interpreted in a manner most favorable to the accused, but not so strictly as to defeat the legislative purpose in enacting the law or to produce absurd consequences. See *State v. Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981). This rule of construction "guard[s] against the creation of criminal offenses outside the contemplation of the legislature under the guise of 'judicial construction.'" *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989) (quoting *People v. Vercelletto*, 514 N.Y.S.2d 177, 178 (Ulster Cty. Ct. 1987)). With this in mind, we consider the statute as a whole, including its subject matter, effects and consequences, to ascertain the legislative intent. *State v. Teachout*, 142 Vt. 69, 72, 451 A.2d 819, 820 (1982).

---

* A person who sells or disposes of property by way of chance or, as an inducement to the sale of property, gives the purchaser or any other person other property to be drawn by way of chance or lottery shall be imprisoned not more than one year or fined not more than $200.00, or both. 13 V.S.A. § 2102.

The State argues that § 2143(a) creates only a very narrow exception to the general prohibition on gambling established in § 2102, so that only members may "organize and execute" games of chance. Thus, payment of salaries to nonmembers is not an acceptable cost of running the games. The State contends that the exception would swallow the rule if nonmembers could realize a personal gain out of gaming proceeds, thereby contravening the legislative intent to forbid any personal gain from gambling. Therefore, the prosecution asserts, this Court would frustrate the legislative will if it created categories of permissible expenses within the ambit of organization and execution under § 2143(a).

At the same time, however, the State conceded in the hearing on the motion to dismiss that situations may exist in which nonprofit organizations may use gaming revenues to defray certain overhead expenses, such as hall rental and advertising. The State insisted that, as a practical matter, only the most egregious claims of "expenses" to be offset by gaming proceeds would be pursued in the exercise of prosecutorial discretion. In effect, then, the prosecution would draw the line between acceptable and unacceptable expenses under § 2143(a)—the same line that the State urges the judiciary not to draw. We agree that this Court must refrain from line-drawing in this case, but we cannot support the contention that the State can define violations of § 2143(a) through prosecutorial discretion. See *State v. Cantrell*, 151 Vt. 130, 139, 558 A.2d 639, 645 (1989) (Allen, C.J., dissenting).

■ The statutory language says nothing about payment of expenses, for salaries or otherwise, associated with charitable gambling; § 2143(a) simply permits nonprofits to "organize and execute" these games. Obviously, the construction most favorable to nonprofits such as the RVA would grant the organizations complete discretion in operating their games, but this could produce consequences contrary to the intended general prohibition on games of chance for profit. See *Sidway*, 139 Vt. at 484, 431 A.2d at 1239. We believe the Legislature intended to create a limited exception to this prohibition, but failed to describe its contours with enough specificity to inform nonprofit organizations of what expenditures fall under the rubric of organization and execution. To be enforceable, criminal statutes such as §§ 2102 and 2143 must "'define a criminal offense with sufficient certainty so as to inform a person of ordinary intel-

ligence of conduct which is proscribed, and such that arbitrary and discriminatory enforcement is not encouraged.'" *State v. DeLaBruere*, 154 Vt. 237, 271, 577 A.2d 254, 272 (1990) (quoting *Cantrell*, 151 Vt. at 133, 558 A.2d at 641).

▉ We hold, therefore, that in the context of determining permissible expenses such as salaries, § 2143(a) is too vague to be fairly enforced. We acknowledge that our decision may create the potential for nonprofit organizations to flout the State's general prohibition against gaming under the guise of charitable purposes. We also recognize the need for a policy determination of what qualifies as an acceptable expenditure under the § 2143(a) exception. But such policy decisions are for the Legislature, not the judiciary. Therefore, we affirm the trial court's order dismissing all counts against defendant.

*Affirmed; cause dismissed with prejudice.*