## State of Vermont v. Harold A. Galusha

[665 A.2d 595]

No. 94-248

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 4, 1995

William D. Wright, Bennington County State's Attorney, and Marcia J. Moss, Deputy State's Attorney, Bennington, for Plaintiff-Appellant.

Charles S. Martin of Martin & Paolini, Barre, for Defendant-Appellee.

**Morse, J.** The State appeals the dismissal of an attempted extortion charge against defendant Harold Galusha. It argues that "injury to the person" in 13 V.S.A. § 1701 includes injury other than physical harm and that the trial court should not have dismissed the charge for lack of a prima facie case. V.R.Cr.P. 12(d). We agree and reverse.

█ The State's information alleged that defendant delivered a letter to a female minor, in which he threatened to disclose a sexually explicit videotape to the minor's parents and custodian unless she agreed to continue their relationship. The videotape showed defendant and the minor engaged in sexual acts.

The statute in issue states:

> A person who maliciously threatens to accuse another of a crime or offense, or with an *injury to his person* or property, with intent to extort money or other pecuniary advantage, or with intent to compel the person so threatened to do an act against his will, shall be imprisoned not more than three years or fined not more than $500.00, or both.

13 V.S.A. § 1701 (emphasis added).

█ In construing the statute, our goal is to effect legislative intent. *State v. Wilcox*, 160 Vt. 271, 275, 628 A.2d 924, 926 (1993). In its construction of § 1701, the trial court relied on the maxim that penal statutes should be interpreted in a manner most favorably to the accused. *State v. Frechette*, 161 Vt. 233, 234, 637 A.2d 1080, 1081

(1993). The rationale behind this rule is that strict construction is essential to "guard against the creation of criminal offenses outside the contemplation of the legislature under the guise of 'judicial construction.'" *State v. Oliver*, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989). Penal statutes, however, must not be interpreted so strictly as to defeat the legislative purpose in enacting the law or to produce irrational and absurd consequences. *Frechette*, 161 Vt. at 234, 637 A.2d at 1081.

Other jurisdictions have split on the issue of whether the phrase "injury to the person" means injury to one's mental well-being, such as damage to reputation, in the extortion context. Some jurisdictions have found that the phrase relates only to the threat of physical injury to the person. See, e.g., *State v. Simmons*, 327 A.2d 843, 845 (R.I. 1974) (phrase "injury to the person" requires threat of actual bodily harm); *Schultz v. State*, 114 N.W. 505, 507 (Wis. 1908) ("injury to the person" does not include threat to defame).

Other jurisdictions have found that the phrase does include the threat of injury to one's mental health. In *Commonwealth v. Miller*, the Massachusetts Supreme Judicial Court affirmed defendant's extortion conviction where he threatened a minor, with whom he had been having sexual relations, that he would expose their relationship to her parents and distribute photographs of her in compromising positions to her neighbors unless she gave him money. 432 N.E.2d 463, 467 (Mass. 1982). In interpreting an extortion statute with the phrase "injury to the person" the court reasoned that injury to one's reputation was just as harmful as injury to a person's physical body. *Id.* Additionally, the court found that since the emphasis of extortion is on the wrongful use of fear to compel the victim to surrender something of value to the extortionist, emotional harm to the victim was a sufficient basis. *Id.*

In *People v. Igaz*, 326 N.W.2d 420 (Mich. Ct. App. 1982), the defendant was found guilty of extortion for threatening his former girlfriend with sending nude photographs of her to her second ex-husband's attorney, during a custody battle, unless she gave him enough money to post bail. The court reasoned that if the legislature had intended to restrict the scope of the statute to only physical injury it would have inserted the word "physical" in place of the word "any" in the statute. *Id.* at 428.

This Court has not had occasion to interpret what "injury to the person" means in Vermont's extortion statute. We agree with the court in *Miller* that the legislative intent in enacting extortion

statutes is to prevent the use of fear (a mental state) to compel a victim to submit to the extortionist's will. See *State v. Louanis*, 79 Vt. 463, 468, 65 A. 532, 533 (1907) ("A threat is well defined to be a menace of such a nature as to unsettle the mind of the person on whom it is intended to operate, and to take away from his acts that free, voluntary action which alone constitutes consent."). If the legislature had intended "injury to the person" to mean only bodily injury, it would have used the term bodily or physical injury. We realize that the line between mental and physical health under today's common knowledge is not easily separated. Hence, limiting the phrase to encompass only threats of physical harm has no reasonable basis in policy and undermines the purpose of the law. The context of extortion, with its emphasis on the use of fear to compel an unwilling actor, leads us to adopt the more encompassing definition of "injury to person."

Defendant contends that since this Court has not interpreted what "injury to the person" means, to hold that it includes injury to a person's mental well-being would violate his due process rights under the federal and state constitutions. A criminal statute satisfies the due process clause if it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. *State v. Trucott*, 145 Vt. 274, 280, 487 A.2d 149, 153 (1984). We are not persuaded by the trial court's reasoning that a person of ordinary intelligence would not understand that videotaping sexual acts with a minor and then threatening the minor with disclosure to compel her to continue the sexual relationship is forbidden by the laws of this state.

*Reversed and remanded.*