After a jury trial, the juvenile was found guilty of armed robbery and delinquent by reason of intimidation of a witness.[2] On appeal the juvenile argues that the judge gave erroneous instructions pertaining to how the juvenile's age should factor into the jury's deliberations, that the prosecutor made improper comments in her opening statement and closing argument, and that the judge considered impermissible factors in sentencing. We affirm.
1. Jury instructions. The juvenile challenges the instructions on two grounds. First, he claims error in the following instruction, given at the beginning of the judge's charge:
"And let me begin by noting that you have heard from time to time that this case is against a juvenile. This is true. The setting that you're in is the Barnstable County Juvenile Court. For your purposes, the fact that this is a juvenile has no significance. In a case involving the criminal laws of the Commonwealth, a jury applies all of the same rules whether the accused is an adult or a juvenile."
Because the juvenile did not object at trial, we review to determine whether there was error and, if so, whether it resulted in a substantial risk of a miscarriage of justice. See Commonwealth v. St. Louis, 473 Mass. 350, 359 (2015).
The juvenile contends that the jury would have understood the above instruction as precluding them from considering the juvenile's age in their assessment of the facts, thereby "imped[ing] the juvenile's ability to present a defense." We disagree. The judge prefaced the instruction by stating that he was "giving [the jury] some procedural guidelines for [their] deliberation in this matter." He then continued by explaining legal matters such as the respective roles of the attorneys, judge, and jury; the meaning of evidence; and the Commonwealth's burden to prove guilt beyond a reasonable doubt. Viewing the challenged instruction in this context, as we must, see Commonwealth v. Stokes, 440 Mass. 741, 750 (2004), we believe that a reasonable jury would have understood it to refer to the laws governing the case (which the judge correctly stated are the same for juveniles and adults), and not as a limitation on the jury's determination of the facts.[3]
Furthermore, there was only one factual issue as to which the juvenile claimed his age was relevant -- consciousness of guilt -- and on that issue the judge specifically instructed that the jury should not infer guilt from the juvenile's flight "unless [the inferences] appear to be reasonable in light of the circumstances of the case." The circumstances of the case included the juvenile's age, as trial counsel emphasized in his closing argument. There is no substantial risk that a reasonable juror would have understood otherwise based on the judge's opening instruction. See Commonwealth v. Brown, 474 Mass. 576, 590-591 (2016) ("no merit to the defendant's argument that the judge prevented the jury from considering his youth on the issue of the voluntariness of his statements," where judge "told the jury that the voluntariness of any statement made by the defendant must be determined from the 'totality of the circumstances' " and "trial counsel repeatedly emphasized the defendant's youth during closing argument").
The juvenile's second challenge, which we review for prejudicial error, concerns the consciousness of guilt instruction -- in particular, the judge's denial of his request for a juvenile-specific instruction.[4] A judge is not required, however, to "bring to the attention of the jury the defendant's own innocent explanation for the alleged flight." Commonwealth v. Toney, 385 Mass. 575, 585 (1982).[5] Rather, "consciousness of innocence [is] a matter more appropriately left to the defendant's closing argument." Commonwealth v. Knap, 412 Mass. 712, 717 (1992). In any event, the juvenile presented no evidence pertaining to adolescent brain development and how it affected his decision-making and impulse control. At least without such evidence, the juvenile was not entitled to the requested instruction. See Brown, 474 Mass. at 590.
2. Opening statement and closing argument. The juvenile challenges the prosecutor's opening statement and closing argument on the ground that she improperly "match[ed]" the elements of the offenses to the anticipated and admitted evidence. Because the juvenile did not object, our review is to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Brown, 479 Mass. 600, 609-610 (2018).
Having reviewed the transcript, we fail to see any impropriety in either the prosecutor's opening statement or her closing argument. The juvenile's lack of objection indicates that the prosecutor's "tone [and] manner" were not improper (citation omitted). Commonwealth v. Dodgson, 80 Mass. App. Ct. 307, 313 (2011). To the extent it can be said that the prosecutor instructed the jury on the elements of the offenses, the juvenile does not identify what prejudice he suffered as a result. He does not claim that the prosecutor misstated the law, and, even if she had, the judge told the jury that, if an attorney said something about the law that differed from his instructions, his instructions controlled. We presume that the jury followed this instruction. There was no error and no substantial risk of a miscarriage of justice. See Commonwealth v. Mitchell, 428 Mass. 852, 857-858 (1999).
3. Sentencing. In his written sentencing findings, the judge stated that he considered "the offense [to be] the culmination of a series of serious offenses" and then noted that the juvenile "was also charged with [a]ssault with [i]ntent to [m]urder, which [the judge] directed out." The juvenile argues that these statements indicate that the judge improperly considered the dismissed charge in determining the juvenile's sentence. Because the juvenile did not preserve this objection, we review it only to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 571 (2007).
We discern no such risk. It is in the discretion of the judge to determine an appropriate individualized sentence. See Commonwealth v. Goodwin, 414 Mass. 88, 92 (1993). Here, in addition to the evidence of the crimes for which the juvenile was found guilty and delinquent, the judge had before him a lengthy presentencing report from the probation department setting out a detailed account of the juvenile's history and prior offenses. After considering this report and hearing arguments from counsel, the judge announced his sentencing decision, which he explained was based on the juvenile's extensive prior record. He made no mention of the dismissed charge of assault with intent to murder. The judge's explanation, particularly in light of the abundance of information that was before him, satisfies us that his mere mention of the dismissed charge in his written findings does not raise a substantial risk that the charge factored into his decision.
The juvenile also argues that the judge's comments about the juvenile's prior record suggest that he "improperly increased the juvenile's punishment based on what he perceived to be leniency in past sentences." We do not think that is a fair reading of the judge's comments. Rather, we believe the comments reflect the judge's appropriate concern "about the [juvenile's] character and his amenability to rehabilitation." Id. at 93.
Judgment affirmed.
Adjudication of delinquency affirmed.

The judge allowed the juvenile's motion for a required finding of not guilty on a third charge, assault with intent to murder.

We think it would be better practice, however, for a judge to avoid words such as "no significance" when discussing a juvenile's status.

The requested instruction read, in part: "[I]n determining whether or not (client) exhibited any consciousness of guilt, you must consider whether [his/her] actions were caused by the fact that adolescents are susceptible to acting impulsively without clear thought about the meaning or consequences of their actions and are overly susceptible to peer pressure."

Nevertheless, the judge here, in his discretion, instructed the jury that "there may be numerous reasons why an innocent person might [flee]" and that "[s]uch conduct does not necessarily reflect feelings of guilt."